IN RE: ALBERT DOUGLAS STONE, EMPLOYEE, PLAINTIFF v. G & G BUILDERS, EMPLOYER, EMPLOYERS MUTUAL INSURANCE CO., CARRIER, DEFENDANTS

No. COA95-378

(Filed 5 March 1996)

**Workers' Compensation § 230 (NCI4th)— employee able to return to regular work—no conclusion that employee disabled**

Evidence from a doctor who examined plaintiff that he was able to return to "regular work" supported the finding of the

Industrial Commission that plaintiff was capable of returning to work at his regular job; however, it did not necessarily follow that he would earn the same wages he earned before his injury, particularly since plaintiff was restricted with regard to lifting, and the conclusion that plaintiff was not disabled therefore could not be sustained.

**Am Jur 2d, Workers' Compensation §§ 395-399.**

**Admissibility of opinion evidence as to employability on issue of disability in health and accident insurance and workers' compensation cases. 89 ALR3d 783.**

Appeal by plaintiff from Order and Opinion For the Full Commission entered 19 December 1994. Heard in the Court of Appeals 24 January 1996.

*Brenton D. Adams for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, by Linda Stephens and James E. R. Ratledge, for defendant-appellees.*

GREENE, Judge

Pursuant to N.C. Gen. Stat. § 97-86, Albert Douglas Stone (plaintiff) appeals from a 19 December 1994 Opinion and Award of the Industrial Commission (Commission) which denied plaintiff's claim for worker's compensation benefits.

It is undisputed that plaintiff was injured by accident, while performing his work duties with G & G Builders, on 5 March 1992. The accident resulted in low back strain, which required hospitalization and treatment and prohibited plaintiff from working immediately after the accident. Test performed indicated that the plaintiff had "some desiccation (drying of the discs) at spinal disc L4-5 with some evidence of bulging; but no herniation of the disc."

On 8 April 1992 the plaintiff and G & G Builders and Employers Mutual Insurance Co. (defendants) entered into an "Agreement for Compensation for Disability" (I.C. Form 21) (hereinafter Agreement) and the Agreement was approved by the Commission on 24 April 1992. It acknowledged that the plaintiff had sustained, on 5 March 1992, an injury "by accident arising out of and in the course of" his employment with G & G Builders and that he sustained a disability as a consequence of the injury. The defendants agreed to pay to the

plaintiff the sum of $210.01 per week for an "undetermined" number of weeks. In October 1992 the defendants sent plaintiff to Dr. Lee Whitehurst (Whitehurst) for an independent medical evaluation. Plaintiff's responses during Whitehurst's examination gave Whitehurst cause to question plaintiff's credibility regarding his statements of pain. Whitehurst's tests revealed that none of the pain expressed by plaintiff seemed to be coming from any nerve involvement and there were no objective bases for plaintiff's subjective complaints of pain. Furthermore Whitehurst opined that plaintiff retained no permanent partial impairment to his back and Whitehurst released plaintiff for "regular work" with the restriction that plaintiff would "require help from a co-worker when lifting more than 50 to 70 pounds." Following Whitehurst's examination of plaintiff, on 29 October 1992, defendants stopped payment of temporary total disability compensation.

After a hearing to contest defendants' termination of plaintiff's disability payments, held pursuant to N.C. Gen. Stat. § 97-83, the Commission found that

> 9. From 29 October 1992 and continuing [thereafter] plaintiff has been capable of returning to work at his regular job with [G & G Builders], and any inability of plaintiff to be gainfully employed was not caused by the injury to his back of 5 March 1992. . . .

. Based upon this finding, the Commission concluded that "plaintiff is not entitled to any temporary total disability compensation" after 20 October 1992 and that plaintiff is not entitled to any permanent partial disability compensation.

---

The dispositive issues are (I) whether the evidence supports the finding that the plaintiff is "capable of returning to work at his regular job with" G & G Builders, and if so, (II) whether that finding supports the conclusion that the "plaintiff is not entitled to· any temporary total disability compensation" after 20 October 1992.

I

If the record contains any competent evidence tending to support the Commission's findings, this Court is bound by those findings. *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 144 S.E.2d 272 (1965). In this case there. is evidence from Dr. Whitehurst that the plaintiff was able to return to "regular work" after 28 October 1992 and this testimony, contrary to the argument of the plaintiff, supports the find-

ing of the Commission that plaintiff is "capable of returning to work at his regular job."

## II

The plaintiff argues, in the alternative, that the Commission's finding that the plaintiff is "capable of returning to work at his regular job" cannot support its conclusion that he is not disabled. A conclusion that an employee is not disabled can be sustained only if there is a finding that the employee is now capable of "earning the same wages he had earned before his injury in the same [or other] employment." *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). We agree with the plaintiff that it does not necessarily follow that an employee who returns to his "regular job" will earn the same wages he earned before his injury. *See Radica v. Carolina Mills*, 113 N.C. App. 440, 447, 439 S.E.2d 185, 190 (1994) ("release to return to work is not the equivalent of a finding that the employee is able to earn the same wage earned prior to the injury"). This is particularly so in this case where the plaintiff would be required to have assistance from a fellow employee "when lifting more than 50 or 70 pounds," a restriction not in place prior to the injury. Accordingly, the conclusion that the plaintiff is not disabled is not supported in this record and the Opinion and Award must be reversed and this matter remanded to the Commission.

In so holding we reject the argument of the defendants that the plaintiff failed in his burden of showing that he was "unable to earn the same wages he had earned before the injury, either in the same employment or in other employment." Upon the approval by the Commission of the 8 April 1992 Agreement, a presumption arose that the plaintiff was unable "to work at wages equal to those he was receiving at the time his injury occurred" and the burden was on the defendants to rebut this presumption. *Radica*, 113 N.C. App. at 447, 439 S.E.2d at 190 (*quoting Watson v. Winston-Salem Transit Auth.*, 92 N.C. App. 473, 475-76, 374 S.E.2d 483, 485 (1988)); *Watkins v. Central Motor Lines*, 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971). The defendants failed to present evidence to rebut the presumption.

The defendants argue that this Court's opinion in *Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 425 S.E.2d 454 (1993), requires a different result. We disagree. Although it does appear (even though this is not clear from the opinion) that a Form 21 agreement was also entered in the *Russell* case, the plaintiff in that case did not argue that he was entitled to a presumption of disability as a conse-

## MINTON v. LOWE'S FOOD STORES

[121 N.C. App. 675 (1996)]

quence of the agreement and this Court did not address that issue. Accordingly, *Russell* cannot be cited as authority in support of defendants' argument that the Commission's approval of a Form 21 agreement does not give rise to a presumption of disability. *Russell* only addresses the burdens of the parties in the context of a hearing where there has been no previous determination that the employee is disabled. In that context, the employee has the initial burden of showing that he is "unable to earn the same wages he had earned before the injury, either in the same employment or in other employment." *Russell,* 108 N.C. App at 765, 425 S.E.2d at 457.

On remand the Commission must enter an award continuing benefits to the plaintiff.

Reversed and remanded.

Judges WYNN and McGEE concur.