The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the Form 21 Agreement for Compensation, which was approved by the Commission on November 29, 1993, in the Pre-Trial Agreement, which was filed by the parties on June 20, 1995, and at the hearing as
STIPULATIONS
1. The parties are properly before the North Carolina Industrial Commission, and the Commission has jurisdiction over the parties and the subject matter of this action.
2. Defendant was a duly qualified self-insured, with GAB Business Services as the servicing agent.
3. The employment relationship existed between the parties at the relevant time.
4. On or about August 2, 1993, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of her employment in which she suffered a crush-type injury to her right hand. As a result of the compensable injury, plaintiff also contracted a compensable occupational disease, specifically carpal tunnel syndrome.
5. As a result of the admittedly compensable injury and occupational disease, the parties entered into a Form 21 Agreement for Compensation, pursuant to which plaintiff's average weekly wage was established to be $180.00, which yielded a compensation rate of $120.01 per week. Plaintiff was paid temporary total disability compensation at the rate of $120.01 per week for the period from October 25, 1993 through February 12, 1995, at which time defendant terminated compensation without prior approval of the Commission.
6. Plaintiff last worked for defendant on February 20, 1995.
7. The parties stipulated medical records from Dr. Arvo Kanna, Quadrangle Medical Specialists, Down East Surgical Associates, Washington County Hospital, East Carolina Neurosurgical, Duke University Medical Center, Judy Whaley, P.T., Dr. Robert Venable, and Dr. George Edwards. In addition, the parties stipulated rehabilitation reports and I.C. Orders.
8. The issues for determination are:
 a. Whether plaintiff is entitled to continuing temporary total disability benefits;
 b. Whether plaintiff is entitled to compensation for medical expenses incurred as a result of the compensable injury; and,
 c. Whether plaintiff is entitled to transfer her medical care from the current treating physician to Dr. L. Scott Levin of Duke University Medical Center.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a fifty-eight year old female who had been employed as the defendant's airport manager. She had worked off and on for defendant for eighteen years.
2. On August 2, 1993, plaintiff sustained the admittedly compensable injury by accident when a fuel hose which she was operating malfunctioned, injuring her right arm and hand.
3. Following the admittedly compensable injury, plaintiff was treated by Dr. Robert Venable, who referred her to Dr. Arvo Kanna of Eastern Carolina Neurological Associates, Inc., for complaints of right arm pain and numbness. Plaintiff was eventually diagnosed with right acute carpal tunnel syndrome.
4. On December 30, 1993, Dr. Robert Agee performed carpal tunnel release surgery. However, following the surgery, plaintiff continued to experience numbness and pain in her right hand and wrist.
5. In February of 1994, Dr. Agee referred plaintiff for a consultation with Dr. Robert L. Timmons of Eastern Carolina Neurosurgical Associates, due to the continuing complaints of numbness in the third and fourth fingers and of an electric-type sensation from the right wrist incision to the elbow. Plaintiff also received treatment from Dr. Samuel Moon at Duke University Medical Center and Dr. Scott Sanitate. Dr. Kanna, who was a physician approved by defendant, referred plaintiff to Dr. Scott Levin, a hand surgeon at Duke, but defendant refused to authorize treatment by Dr. Levin. Defendant also cancelled follow-up appointments with Dr. Moon who had ordered diagnostic studies if plaintiff's condition failed to improve.
6. On October 3, 1994, Dr. Sanitate authorized plaintiff to resume activity at the airport, so long as she avoided lifting greater than fifteen pounds with the right hand. Dr. Sanitate found plaintiff to be at maximum medical improvement and rated her as retaining a seven percent permanent partial disability to her right hand.
7. On January 30, 1995, plaintiff returned to the airport manager job. She continued to work for approximately three weeks, but had assistance performing many of the job duties from a co-worker and plaintiff's son. Plaintiff continued to experience swelling and tingling in her hand and was unable to use the weed eater or cut grass and could not climb a ladder in order to refuel planes.
8. While plaintiff was working, defendant advised her of the intention to abolish the airport manager job and to retain contractual services to perform the job. Defendant offered the contract to plaintiff. However, the contract terms provided a lesser salary, a significant increase in work hours, with plaintiff on duty 24 hours a day, required plaintiff to obtain her own liability insurance, and provided no workers' compensation coverage to plaintiff. Plaintiff declined to accept the contract offer, and the airport manager job ended on February 20, 1995. Defendant did not offer plaintiff another job within her restrictions and had no modified or light duty work available.
9. In the opinion of the Commission, plaintiff justifiably refused the contract employment offered by defendant which was not suitable due to the conditions of employment and due to plaintiff's inability to perform the necessary job duties based upon the continuing swelling and pain in her hand.
10. On November 29, 1995, plaintiff was examined by orthopedist Dr. George Edwards, Jr., for a second opinion on the permanent partial disability rating. Dr. Edwards reviewed all prior medical records and testing information which plaintiff had received following the compensable crush injury to her right hand. Dr. Edwards found plaintiff to be at maximum medical improvement, with a sixteen percent permanent partial impairment to the right hand. Dr. Edwards restricted the plaintiff to work that was not strenuous or repetitive and involving less than twenty pounds using both hands, ten pounds with the right hand, and fifteen pounds with the left hand. Dr. Edwards found plaintiff to have mild residual swelling and stiffness of the right wrist, post status right carpal tunnel release, and non-work related left carpal tunnel syndrome with rather severe motor and sensory deficits.
11. The Form 21 Agreement entered into by plaintiff and defendant and approved by the Commission is binding upon the parties as an award of the Commission. Upon approval by the Commission, a presumption arises that plaintiff is unable to work at wages equal to those she was receiving at the time her injury was sustained.
12. Defendant has not offered plaintiff any work which was within her capacity to earn wages. Defendant has not met its burden of demonstrating either that plaintiff is physically capable of returning to work or that jobs are available within the community for persons with her limitations.
13. Since her injury, plaintiff has been incapable of earning the same wages she earned in her employment with defendant before the compensable injury and has been incapable of earning the same wages in any employment. There is a presumption that the disability continues until plaintiff returns to work at wages equal to those wages she was earning prior to the injury.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On August 2, 1993, plaintiff sustained an admittedly compensable injury by accident arising out of and in the scope of her employment with defendant. N.C. Gen. Stat. 97-2(6).
2. The Form 21 Agreement for Compensation entered into by plaintiff and defendant and approved by the Commission was binding on the parties as an award of the Commission and thus established a presumption that plaintiff's work-related injury by accident sustained on August 2, 1993, totally impaired her wage earning capacity. Brown v. S N Communications, Inc.,124 N.C. App. 320, 477 S.E.2d 197 (1996); Stone v. G GBuilders, 121 N.C. App. 671, 468 S.E.2d 510 (1996).
3. Defendant had the burden of producing evidence at the hearing to rebut the presumption in favor of plaintiff by coming forward to show that suitable jobs have been available and plaintiff was capable of securing one. Brown v. S NCommunications, Inc., supra.
4. Defendant did not meet the requisite burden of proof and has therefore not overcome the presumption that plaintiff's work-related accident totally impaired her wage earning capacity. In the opinion of the Commission, the contract employment offered by defendant was not suitable, and therefore plaintiff's refusal to accept the proferred employment was justified. N.C. Gen. Stat.97-32.
5. Plaintiff has met her burden of proving the existence and extent of her disability and that she has been incapable of earning wages as a result of the compensable injury. Therefore, plaintiff has been temporarily totally disabled since October 25, 1993 to the present, entitling her to receive compensation at the rate of $120.01 per week beginning October 25, 1993 and continuing until defendant obtains permission from the Industrial commission to cease said payments. Defendant is entitled to a deduction for temporary total disability compensation already paid plaintiff during a portion of this period and for any wages plaintiff earned during the three-week employment. N.C. Gen. Stat. 97-29.
5. Plaintiff is entitled to payment of all medical expenses by defendant as a result of her compensable injury of August 2, 1993. The approved medical treatment includes care rendered by Dr. Scott Levin. N.C. Gen. Stat. 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $120.01 per week beginning October 25, 1993, and continuing until further order of the Commission. Defendant shall be given a deduction for any temporary total disability compensation already paid plaintiff during this period and for any wages paid for the three-week employment. Any amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injury by accident. The approved medical expenses include treatment by Dr. Scott Levin.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to her counsel.
4. Defendant shall pay the costs due this Commission.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ COY M. VANCE COMMISSIONER
LKM/bjp