The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pamela T. Young. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 **********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff-employee and defendant-employer, Cummins South, Inc. on March 31, 1995.
3. Atlantic Mutual Insurance Company was the carrier on the risk on March 31, 1995.
4. On March 31, 1995, plaintiff sustained a compensable injury to his neck arising out of and in the course of his employment with defendant-employer. Defendants admitted liability for this injury pursuant to a Form 60 admission of liability form filed with the Industrial Commission on or about June 16, 1995.
5. The plaintiff's average weekly wage was $406.47, yielding a weekly compensable rate of $270.99.
6. Defendants paid plaintiff temporary total disability compensation for the period of April 28, 1995 through July 13, 1995 and again from August 23, 1995 through January 4, 1996.
7. On February 15, 1996, defendants filed a Form 24 application with the Industrial Commission which was approved on March 26, 1996 authorizing defendants to terminate temporary total disability compensation effective January 4, 1996.
8. The parties stipulated to medical records from Carolinas Physical Therapy Associates, Comprehensive Rehabilitation Association, Miller Orthopedic Clinic, Rowan Memorial Hospital, Rowan Neurosurgical Association, P.A., Rowan Regional Medical Center, Trull Chiropractic, P.A.
 **********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a 41 year old manual laborer who had worked as a mechanic for defendant-employer for two years.
2. The plaintiff's job duties with defendant-employer included climbing and lifting 80 to 100 pounds, 75% of every day, and "wratcheting" in a repetitive motion, 25% of every day.
3. On March 31, 1995, plaintiff suffered an admittedly compensable injury by accident when he was struck by a large piece of styrofoam that pinned him to a forklift, causing him to twist his head and feel pain in his neck.
4. Plaintiff initially sought medical treatment from a chiropractor and when treatment was unsuccessful, plaintiff was referred to Dr. David Kingery at the Miller Orthopedic Clinic in Charlotte.
5. Plaintiff's initial complaints to Dr. Kingery consisted of neck and left shoulder pain. Plaintiff was diagnosed with a cervical strain with a question of left radiculopathy. On June 8, 1995, plaintiff was examined by Dr. John Welshofer of the Miller Orthopedic Clinic who diagnosed a cervical sprain with possible herniated nucleus pulposus at the C5-6 region. Dr. Welshofer continued plaintiff on restricted work duty and recommended physical therapy. Following his treatment with Dr. Welshofer, plaintiff was examined by Dr. Chewning, also of the Miller Orthopedic Clinic, who diagnosed a cervical strain and a deconditioned neck.
6. Plaintiff was examined by Dr. Craig Brigham of the Miller Orthopedic Clinic on September 7, 1995. Dr. Brigham ordered and reviewed an MRI exam and concluded that plaintiff had a chronic C4-5 herniated nucleus pulposus with symptoms of spinal cord compression with extension. Dr. Brigham performed a C4-5 microdiscectomy and fusion on September 29, 1995.
7. Plaintiff returned to Dr. Brigham following surgery and continued to complain of the same pre-operative pain.
8. On January 4, 1996, Dr. Brigham examined plaintiff and opined that plaintiff had a normal neurological examination. Dr. Brigham informed plaintiff that it was safe for him to resume normal work activities without permanent restrictions and that he had reached maximum medical improvement with a 10% permanent partial impairment rating to the back.
9. On January 10, 1996, plaintiff returned to work with defendant-employer doing the same mechanic's job he performed prior to his admittedly compensable injury by accident and earning the same wages he earned prior to his admittedly compensable injury by accident. On January 10, 1996, defendant-employer asked plaintiff to squeegee mop and sweep the building floor in addition to plaintiff's regular job duties. Plaintiff attempted to squeegee mop and sweep, but left work after approximately one hour, because he could not continue to work due to his pain. Plaintiff has not returned to work for defendant-employer.
10. Upon leaving work on January 10, 1996, plaintiff made another appointment to see Dr. Brigham on January 18, 1996. However, Dr. Brigham's rehabilitation nurse, Ms. Brown, informed plaintiff that Dr. Brigham had nothing more to offer plaintiff, that Dr. Brigham would happily refer plaintiff to another physician, but that there was no need to reappoint plaintiff on January 18, 1996. Dr. Brigham did not subsequently authorize plaintiff to stay out of work. Consequently, plaintiff did not keep his January 18, 1996 appointment with Dr. Brigham.
11. On May 30, 1996, plaintiff presented to Dr. Mark Lyerly, a neurosurgeon. Dr. Lyerly diagnosed plaintiff with C8-T1 nerve dysfunction and thoracic outlet syndrome, both related to plaintiff's admittedly compensable injury by accident. Dr. Lyerly also opined that the plaintiff could have contracted carpal tunnel syndrome and also, possibly, thoracic outlet syndrome.
12. Dr. Lyerly stated that plaintiff could not perform his normal work as a mechanic due to his admittedly compensable injuries. Dr. Lyerly restricted plaintiff to light work such as answering the phone, but no data entry, no mopping and no heavy work.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. If an award is made by the Industrial Commission, payable during disability, there is a presumption that disability lasts until the employee returns to work. . ." Watkins v. CentralMotor Lines, 279 N.C. 132, 181 S.E.2d 588 (1971). However, as stated in Commission Rule 404(1), the presumption of continued disability is rebuttable. Stone v. GG Builders,121 N.C. App. 671, 468 S.E.2d 510 (1996). In the instant case, plaintiff's presumption of disability lasted until he returned to work on January 10, 1996, even though he could not complete the workday due to his pain. Plaintiff's return to work shifted the burden of proof to the plaintiff to establish by either competent medical evidence or by his job search activities, that he was incapable of earning the same or greater wages. In the instant case, the plaintiff has offered competent medical evidence from Dr. Lyerly that plaintiff is incapable of earning the same or greater wages and he is therefore justified in refusing to continue to work on January 10, 1996. Plaintiff is also entitled to additional temporary total disability. N.C. GEN. STAT. §97-32. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993).
2. The Industrial Commission Administrative Decision and Order approving defendant's application to terminate plaintiff's benefits is hereby set aside and plaintiff's Motion to Reinstate Benefits is hereby approved. Plaintiff is entitled to temporary total disability benefits, to be resumed as of the date of the hearing, January 4, 1996. N.C. GEN. STAT. § 97-29.
3. Plaintiff is entitled to have defendants pay for medical expenses incurred or to be incurred as a result of plaintiff's admittedly compensable injury by accident of March 31, 1995, for so long as such examinations, evaluations, and treatments may reasonably be requested to affect a cure or give relief, and will tend to lessen plaintiff's disability. N.C. GEN. STAT. § 97-25; § 97-2(19).
4. Dr. Mark Lyerly is hereby authorized to be plaintiff's treating physician effective May 30, 1996. Dr. Lyerly shall henceforth continue as plaintiff's treating physician. N.C. GEN. STAT. § 97-25.
 **********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendants shall resume payment of temporary total disability compensation to the plaintiff at the rate of $270.98 per week beginning on January 4, 1996 and continuing until plaintiff returns to work or until further Order of the Commission. Compensation due which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fees hereinafter provided.
2. Defendants shall pay for medical expenses incurred or to be incurred as a result of the admittedly compensable injury by accident when bills for the same have been properly submitted.
3. Plaintiff is entitled to medical treatment from Dr. Mark Lyerly, effective May 30, 1996 and continuing henceforth.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to his counsel. Consideration and designation of this attorney's fee contemplates that the counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
5. Defendants shall pay the costs.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER