GERALD ALLEN BROWN, PLAINTIFF/APPELLANT v. S & N COMMUNICATIONS, INC., EMPLOYER, HOME INSURANCE COMPANY, CARRIER, APPELLEES

No. COA95-1283

(Filed 5 November 1996)

**1. Workers' Compensation § 230 (NCI4th)— disability compensation—impairment of earning capacity**

In order to receive disability compensation under the Workers' Compensation Act, the mere fact of an on-the-job injury is not sufficient; rather, the injury must have impaired the worker's earning capacity.

**Am Jur 2d, Workers' Compensation §§ 395-399.**

**Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.**

**2. Workers' Compensation § 228 (NCI4th)— disability—requisite findings**

In order to find a worker disabled under the Workers' Compensation Act, the Industrial Commission must find (1) that plaintiff was incapable of earning the same wages he had earned before his injury in the same employment; (2) that plaintiff was

BROWN v. S & N COMMUNICATIONS, INC.

[124 N.C. App. 320 (1996)]

incapable of earning the same wages he had earned before his injury in any other employment; and (3) that this individual's incapacity to earn was caused by plaintiff's injury.

Am Jur 2d, Workers' Compensation § 380.

Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.

3. Workers' Compensation § 234 (NCI4th)— burden of proving disability—effect of approval of Form 21 agreement

Initially, the employee must prove both the extent and degree of his disability, but once the disability is proven, there is a presumption that it continues until the employee returns to work at wages equal to those he was receiving at the time his injury occurred. However, the approval of a Form 21 agreement by the Industrial Commission relieves the employee of his initial burden of proving a disability, and the employee receives the benefit of a presumption that he is totally disabled.

Am Jur 2d, Workers' Compensation §§ 395-399.

Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.

4. Workers' Compensation § 254 (NCI4th)— approval of Form 21 agreement—presumption of disability—burden of rebutting presumption

Where the parties executed a Form 21 agreement which was approved by the Industrial Commission, plaintiff met his initial burden of proving a disability, and the presumption of disability continued until defendant employer offered evidence to rebut the presumption.

Am Jur 2d, Workers' Compensation § 453.

Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.

5. Workers' Compensation § 254 (NCI4th)— presumption of continuing disability—rebuttal by employer

An employer may rebut the presumption of continuing total disability arising from a Form 21 agreement either by showing

the employee's capacity to earn the same wages as before the injury or by showing the employee's capacity to earn lesser wages than before the injury.

**Am Jur 2d, Workers' Compensation § 431.**

**Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.**

**6. Workers' Compensation § 254 (NCI4th)— presumption of continuing disability—rebuttal by employer**

To rebut the presumption of continuing disability arising from a Form 21 agreement, the employer must produce evidence that (1) suitable jobs are available for the employee; (2) the employee is capable of getting said job taking into account the employee's physical and vocational limitations; and (3) the job would enable the employee to earn some wages. The employer may also rebut the presumption of disability by showing that the employee has unjustifiably refused suitable employment.

**Am Jur 2d, Workers' Compensation § 431.**

**Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.**

**7. Workers' Compensation § 254 (NCI4th)— presumption of continuing disability—maximum medical improvement not rebuttal**

A finding of maximum medical improvement is not the equivalent of a finding that the employee is able to earn the same wage earned prior to injury and does not satisfy the employer's burden of rebutting the presumption of a continuing disability accruing from a Form 21 agreement.

**Am Jur 2d, Workers' Compensation § 431.**

**Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.**

**8. Workers' Compensation § 254 (NCI4th)— continued disability—maximum medical improvement—burden not shifted**

The Industrial Commission erred by placing on plaintiff employee the burden of proving continued disability following a

BROWN v. S & N COMMUNICATIONS, INC.

[124 N.C. App. 320 (1996)]

finding that plaintiff had reached maximum medical improvement. After a finding of maximum medical improvement, the burden remains with the employer to produce sufficient evidence to rebut the presumption of continuing disability and does not shift to the employee.

**Am Jur 2d, Workers' Compensation § 431.**

**Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.**

9. **Workers' Compensation § 254 (NCI4th)— presumption of disability—rebuttal by employer—burden on employee**

If an employer offers sufficient evidence to rebut the presumption of continuing disability, the burden then switches back to the employee to offer evidence in support of a continuing disability or evidence to prove a permanent partial disability under N.C.G.S. § 97-30. The employee may prove a continuing total disability by showing that no jobs are available, that no suitable jobs are available, or that he has unsuccessfully sought employment with the employer.

**Am Jur 2d, Workers' Compensation § 431.**

**Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.**

10. **Workers' Compensation § 259 (NCI4th)— presumption of total disability—rebuttal by employer—failure of proof by employee—partial disability**

If an employee fails to meet the burden of proving a continuing total disability following the employer's rebuttal of the presumption of disability, the disability changes from a total disability to a partial disability under N.C.G.S. § 97-30. When an employee's power to earn is diminished but not obliterated, the employee is entitled to benefits under N.C.G.S. § 97-30 for permanent partial disability.

**Am Jur 2d, Workers' Compensation § 381.**

**Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.**

BROWN v. S & N COMMUNICATIONS, INC.

[124 N.C. App. 320 (1996)]

**11. Workers' Compensation §§ 252, 259 (NCI4th)— total or partial disability—mutually exclusive—selection of remedy**

The remedies for total disability under N.C.G.S. §§ 97-29 or 97-31 and for partial disability under N.C.G.S. § 97-30 are mutually exclusive. However, when an employee cannot be fully compensated under § 97-29 or § 97-31 for total disability, he may still be entitled to compensation for permanent partial disability. The employee may select the remedy which offers the more generous benefits less the amount he or she has already received.

**Am Jur 2d, Workers' Compensation §§ 381, 382.**

**Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.**

**12. Workers' Compensation § 259 (NCI4th)— presumption of total disability—maximum medical improvement—erroneous shift of burden of proof to employee—opportunity to show permanent partial disability**

Where a presumption of continuing total disability was established by an approved Form 21 agreement, the Industrial Commission's erroneous shifting of the burden of proving a temporary total disability to plaintiff employee after a finding of maximum medical improvement, without more, foreclosed plaintiff's opportunity to select the more generous remedy and deprived plaintiff of an opportunity to offer evidence to establish a permanent partial disability and receive additional benefits under N.C.G.S. § 97-30.

**Am Jur 2d, Workers' Compensation § 381.**

**Insurance: "total disability" or the like as referring to inability to work in usual occupation or in other occupations. 21 ALR3d 1155.**

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission entered 13 July 1995. Heard in the Court of Appeals 28 August 1996.

Plaintiff Gerald Allen Brown appeals from the 13 July 1995 Opinion and Award of the North Carolina Industrial Commission which awarded plaintiff temporary total disability compensation pur-

BROWN v. S & N COMMUNICATIONS, INC.

[124 N.C. App. 320 (1996)]

suant to N.C.G.S. 97-31(16), past and future medical expenses, and a reasonable attorney's fee and directed defendant to pay the costs of the initial hearing before the Deputy Commissioner.

Plaintiff Gerald Allen Brown is forty three years old, holds a degree in mechanical engineering, and worked for seventeen years before joining defendant S & N Communications as a line foreman in 1989. On 15 May 1991, while working for defendant, plaintiff suffered a compensable injury by accident. Plaintiff was using a hoist for cable wire when the handle on the jack cable turned rapidly and hit him in his right brow and right eye. Following the accident, plaintiff required several surgeries on his right eye. Despite those procedures, plaintiff lost complete functional use of his right eye. As a result of the accident, he suffers a loss of all depth perception, some peripheral and binocular vision, and a loss of 25% of his total visual field.

On 25 June 1991, the parties executed a Form 21 Agreement for Compensation and Disability, which stipulated that plaintiff suffered an "injury by accident arising out of and in the course of said employment" to his right eye and further agreed that plaintiff sustained a disability from the injury and provided weekly compensation "beginning May 15, 1991 and continuing for necessary weeks." The North Carolina Industrial Commission approved the Form 21 Disability Agreement on 30 July 1991. The defendant filed a Form 24, Application to Stop Payment of Compensation, on 7 April 1993. The Industrial Commission approved the Form 24 on 26 July 1993 without a hearing. Plaintiff filed Form 33, Request that Claim be Assigned for Hearing, on 9 February 1993. Deputy Commissioner Neill Fuleihan heard the case on 18 October 1993 in Bryson City, North Carolina and entered an Opinion and Award on 26 October 1994 awarding Plaintiff weekly compensation for total loss of use of his right eye beginning 4 March 1992 and continuing for 120 weeks. The plaintiff appealed to the Full Commission on 4 November 1994 and the Full Commission heard the appeal on 7 June 1995. On 13 July 1995 the Full Commission rendered the following Opinion and Award:

FINDINGS OF FACT

1. Plaintiff is 43 years of age and has a Bachelor of Science degree in mechanical engineering. Plaintiff's employment history consists of four years of military service where he worked in refueling and accounting, seven and one-half years of farming, five years as a technician installing TV antennas and receivers for Lowe's Building Supplies, and two years as a line foreman with

BROWN v. S & N COMMUNICATIONS, INC.

[124 N.C. App. 320 (1996)]

defendant employer, where his job duties consisted of supervising and coordinating the installation of aerial and underground open wire and cable communications equipment. These duties required plaintiff to read blueprints with color coding, supervise crew members, operate digger and bucket trucks, climb and work at heights and underground, and work around moving equipment.

2. On 15 May 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer, resulting in an injury to his right eye.

3. For his 15 May 1991 injury by accident, plaintiff has been seen and treated by Drs. Campbell, Henry, Wood, Isernhagen, Brown, Laborde and Crawford and has been seen and evaluated by Drs. Weidman, III and Ugland.

4. As a result of his 15 May 1991 injury by accident, plaintiff has traumatic aphakia from loss of the crystalline lens in his right eye, traumatic iridectomy from a loss of a portion of the iris in his right eye, irregular astigmatism in his right eye, photoreceptor damage or optic nerve dysfunction in his right eye, a scleral buckle and retinal tears in his right eye, stabismus or non-alignment of both eyes, double vision in his right eye, a loss of binocular vision, a loss of depth perception, a loss of peripheral vision and light sensitivity in his right eye, which have resulted in a complete loss of functional use of his right eye and a 25 percent loss of his total visual field.

5. Although use of a patch over plaintiff's right eye eliminates the double vision in his right eye, a patch causes plaintiff some discomfort inasmuch as his right eye and the area surrounding it is still tender from the 15 May 1991 injury by accident.

6. Plaintiff reached maximum medical improvement from his 15 May 1991 injury by accident on 4 March 1992, at which time he was released to return to work without restriction other than the limitation present from complete loss of functional use of his right eye.

7. Although no further medical treatment is necessary at this time to effect a cure, give relief or lessen plaintiff's disability, the overall health of plaintiff's right eye has been compromised as a result of his 15 May 1991 injury by accident, for which plaintiff may require future medical treatment.

BROWN v. S & N COMMUNICATIONS, INC.

[124 N.C. App. 320 (1996)]

8. As a result of his 15 May 1991 injury by accident and the residuals thereof, plaintiff is unable to return to work in his former employment with defendant employer or in any job which requires fine visual acuity. Defendant employer has not offered plaintiff a job within his limitations.

9. Plaintiff underwent a vocational assessment by Melissa Sue Garland on 4 June 1993.

10. Plaintiff has neither sought employment, nor engaged in any employment, since reaching maximum medical improvement on 4 March 1992, from his 15 May 1991 injury by accident.

11. There is insufficient evidence of record from which to determine by its greater weight that plaintiff is physically or mentally incapable of working in any employment, that he unsuccessfully sought work within his capability for work, that it would be futile to look for work due to preexisting conditions, or that he has obtained employment at a wage less than he earned prior to injury. This finding does not preclude Plaintiff from offering such evidence in the future, and, if he desires to do so, he can file a Form 33 and proceed to hearing.

12. Plaintiff received temporary total disability compensation benefits at a rate of $406.00 per week pursuant to an approved Form 21, from the date of his injury by accident on 15 May 1991, until the Form 24 was approved on 26 July 1993.

The foregoing findings of fact engender the following:

CONCLUSIONS OF LAW

1. Plaintiff can meet his burden of establishing the existence of a disability to earn wages in one of four ways: 1) The production of medical evidence that he is physically or mentally, as a consequence of a work related injury, incapable of any work in any employment; 2) The production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his efforts to obtain employment; 3) The production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e. age, inexperience, lack of education, to seek other employment; or 4) The production of evidence that he has obtained employment at a wage less than earned prior to injury. *Russell v. Lowe's*

*Products Distribution*, 108 N.C. App. 762, 462 S.E.2d 454 (1993). There is no presumption of disability from the mere fact that wages have not been earned. As the Supreme Court stated in *Hendrix v. Lynn-Corriher Corp.*, 317 N.C. 197, 345 S.E.2d 374 (1986), it is an employee's earning capacity, rather than his earnings, which is the determining factor on the issue of disability, or as the Supreme Court earlier stated in *Hill v. Dubois*, 234 N.C. 446, 67 S.E. 2d 371 (1951), "compensation must be based upon loss of wage earning power rather than the amount actually received."

2. On 15 May, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer and as a result thereof was temporary totally disabled from 15 May 1991 to 4 March 1992, for which he is entitled to compensation at a rate of $406.00 for the aforementioned period subject to a credit to defendant for temporary total disability compensation paid heretofore. Plaintiff reached maximum medical improvement from his 15 May 1991 injury by accident on 4 March 1992, at which time he was no longer temporarily totally disabled inasmuch as he was able to return to work without restriction other than the limitation present from complete loss of use of his right eye and failed to undertake a reasonable effort to obtain employment, as a further result thereof, sustained a total loss of use of his right eye for which he is entitled to 120 weeks of compensation at a rate of $406.00 per week subject to a credit to defendants for temporary total disability compensation paid beyond 4 March 1992. G.S. §97-2(6); G.S. §97-29; G.S. §97-31(16); G.S. §97-42.

3. Plaintiff is entitled to all medical treatment incurred, or to be incurred, as a result of his 15 May 1991 injury by accident. G.S. §97-25.

The Commission awarded plaintiff temporary total disability compensation for 120 weeks beginning 4 March 1992, future medical expenses and reasonable attorney's fees. Plaintiff now appeals the Commission's 13 July 1995 Order.

*Zeyland G. McKinney, Jr., for plaintiff-appellant.*

*Wishart, Norris, Henninger & Pittman, P.A., by W. Timothy Moreau, for defendant-appellees.*

**BROWN v. S & N COMMUNICATIONS, INC.**

[124 N.C. App. 320 (1996)]

EAGLES, Judge.

Plaintiff contends that the Industrial Commission erred by failing to apply the continuing presumption of disability in favor of the plaintiff. We agree.

[1] The Worker's Compensation Act compensates an employee for work related injuries which prevent him from making the equivalent amount of wages he made before the injury. *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 475, 374 S.E.2d 483, 485 (1988). In order to receive disability compensation under the Act, the mere fact of an on the job injury is not sufficient. The injury must have impaired the worker's earning capacity. *Id.; Ashley v. Rent-A-Car Co.*, 271 N.C. 76, 155 S.E.2d 755 (1967).

[2, 3] N.C.G.S. 97-2(9) defines disability as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." In order to find a worker disabled under the Act, the Commission must find:

(1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment,

(2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and

(3) that this individual's incapacity to earn was caused by plaintiff's injury.

*Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). Initially, the claimant must prove both the extent and the degree of his disability. *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 475, 374 S.E.2d 483, 485 (1988). However, once the disability is proven, "there is a presumption that it continues until the employee returns to work at wages equal to those he was receiving at the time his injury occurred." *Watson*, 92 N.C. App. at 476, 374 S.E.2d at 485 (*quoting Watkins v. Motor Lines*, 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971)). The approval of a Form 21 by the Commission relieves the employee of his initial burden of proving a disability. In fact, once the Commission approves a Form 21 agreement between the parties, the employee receives the benefit of the presumption that he is totally disabled. *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 208, 472 S.E.2d 382, 386 (1996).

**[4]** The parties here executed a Form 21 agreement on 25 June 1991 and the Commission approved that agreement on 30 July 1991. Accordingly, plaintiff met his initial burden of proving a disability at that time. That presumption of disability continues until the defendant offers evidence to rebut the presumption. At that point, the burden shifts to the employer to show that the worker is employable. *Radica v. Carolina Mills*, 113 N.C. App. 440, 447, 439 S.E.2d 185, 190 (1994).

**[5, 6]** An employer may rebut the continuing presumption of total disability either by showing the employee's capacity to earn the same wages as before the injury or by showing the employee's capacity to earn lesser wages than before the injury. *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 209, 472 S.E.2d 382, 388 (1996) (Walker, J., concurring). To rebut the presumption of continuing disability, the employer must produce evidence that:

1. suitable jobs are available for the employee;

2. that the employee is capable of getting said job taking into account the employee's physical and vocational limitations;

3. and that the job would enable the employee to earn some wages.

*Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 209, 472 S.E. 2d 382, 388 (1996) (Walker, J., concurring). At any time, the employer may rebut the presumption of disability by showing that the employee has unjustifiably refused suitable employment. N.C.G.S. 97-32 (1991); *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 210, 472 S.E.2d 382, 388 (1996) (Walker, J., concurring).

**[7]** A finding of maximum medical improvement is not the equivalent of a finding that the employee is able to earn the same wage earned prior to injury and does not satisfy the defendant's burden. "The maximum medical improvement finding is solely the prerequisite to determination of the amount of any permanent disability for purposes of G.S. 97-31." *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 476, 374 S.E.2d 483, 485 (1988); *see also Radica v. Carolina Mills*, 113 N.C. App. 440, 439 S.E.2d 185, (1994).

**[8]** The Commission erred here by mistaking a finding of maximum medical improvement for evidence sufficient to rebut the continuing presumption of disability. The Commission erroneously placed the

BROWN v. S & N COMMUNICATIONS, INC.

[124 N.C. App. 320 (1996)]

burden of proving the disability on the plaintiff following a finding that the plaintiff had reached maximum medical improvement on 4 March 1992. In its findings of fact, the Commission found that the "[P]laintiff has neither sought employment, nor engaged in any employment, since reaching maximum medical improvement on 4 March 1992" and that the evidence was insufficient to determine that the "plaintiff is physically or mentally incapable of working in any employment, that he unsuccessfully sought work within his capability for work, that it would be futile to look for work due to preexisting conditions, or that he has obtained employment at a wage less than he earned prior to injury." The Commission made no findings as to the sufficiency of the defendant's evidence. This formula for reviewing the plaintiff's claim is incorrect. After a finding of maximum medical improvement, the burden remains with the employer to produce sufficient evidence to rebut the continuing presumption of disability; the burden does not shift to the employee.

[9] If the employer offers sufficient evidence to rebut the continuing presumption of disability, the process is not concluded. The burden then switches back to the employee to offer evidence in support of a continuing disability or evidence to prove a permanent partial disability under G.S. 97-30. *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 209, 472 S.E.2d 382, 388 (1996) (Walker, J., concurring). The employee can prove a continuing total disability by showing either that no jobs are available, no suitable jobs are available, or that he has unsuccessfully sought employment with the employer. *Id.* If the employee meets this burden, he is entitled to continuing total disability benefits.

[10, 11] If the employee fails to meet this burden, he continues to be disabled but the disability changes from a total disability to a partial disability under N.C.G.S. 97-30. *Id.*; *Kennedy v. Duke Univ. Med. Center*, 101 N.C. App. 24, 398 S.E.2d 677 (1990). When an employee's power to earn is diminished but not obliterated, he is entitled to benefits under N.C.G.S. 97-30 for a permanent partial disability. *Gupton v. Builders Transport*, 320 N.C. 38, 42, 357 S.E.2d 674, 678 (1987). An injured employee cannot be simultaneously totally and partially disabled. *Carothers v. Ti-Caro*, 83 N.C. App. 301, 306, 350 S.E.2d 95, 98 (1986). The remedies for a total disability under G.S. 97-29 or G.S. 97-31 and a partial disability under G.S. 97-30 are mutually exclusive. *Id.* However, when an employee cannot be fully compensated under G.S. 97-31 or G.S. 97-29 for total disability, he may still be entitled to compensation for a permanent partial disability under G.S. 97-30.

STARCO, INC. v. AMG BONDING AND INS. SERVICES

[124 N.C. App. 332 (1996)]

*Kendrick v. City of Greensboro*, 80 N.C. App. 183, 189, 341 S.E.2d 122, 125 (1986). The employee may select the remedy which offers the more generous benefits, "*less* the amount he or she has already received." *Gupton*, 320 N.C. at 43, 357 S.E.2d at 678.

[12] The Commission's error here foreclosed plaintiff's opportunity to select the more generous remedy. Shifting the burden of proving a temporary total disability to the plaintiff-employee after a finding of maximum medical improvement, without more, deprives the plaintiff of an opportunity to offer evidence to establish a permanent partial disability and receive additional benefits under G.S. 97-30.

Accordingly, we vacate the award of the Industrial Commission and remand for further proceedings to determine the extent of the plaintiff's disability on 4 March 1992. In that proceeding, defendants may offer evidence to rebut the presumption of disability arising from the approved Form 21. Plaintiff may then offer evidence to establish either a continuing total disability or a permanent partial disability under G.S. 97-30.

Our holding here makes it unnecessary to address plaintiff's remaining assignment of error. For the foregoing reasons, we vacate and remand.

Vacated and remanded.

Judges WALKER and McGEE concur.