Based upon the competent evidence of record, the Full Commission makes the following:
FINDINGS OF FACT
1. Plaintiff, 54 years old, earned his GED, completed two years of college coursework in engineering and business administration, and obtained a commercial pilot's license prior to working for defendants as a long haul truck driver. Plaintiff had previous experience as a truck driver and in heavy equipment sales.
2. On 13 January 1993 plaintiff sustained a compensable injury by accident when he fell from his truck while filling the radiator with antifreeze.
3. Plaintiff's family physician, Dr. Timothy Hooker, treated plaintiff for neck, back and shoulder pain following his injury by accident.
4. The parties entered a Form 21 Agreement for Compensation and Disability on 26 March 1993 which was approved by the Industrial Commission on 20 April 1993. The Form 21 stipulated that plaintiff suffered an injury by accident arising out of and in the course of his employment with defendants to his right elbow and tail bone and that plaintiff sustained a disability from the injury and provided for weekly compensation "beginning 14 January 1993 and continuing for necessary weeks."
5. In April 1993 and February 1994 defendants referred plaintiff to two orthopedic surgeons, Drs. Mahoney and Elkins, for diagnosis and treatment. In February 1994, after one year of treatment and physical therapy, Drs. Mahoney and Elkins opined that further treatment, including chiropractic care, would not benefit plaintiff. Drs. Mahoney and Elkins recommended, since plaintiff was not capable of returning to work at his former job with defendant as a long haul truck driver, that plaintiff return to light duty work with restrictions of driving no more than sixty (60) miles and no lifting of more than fifteen (15) pounds.
6. Plaintiff's family doctor, Dr. Hooker, disagreed with Drs. Mahoney and Elkins and recommended that plaintiff not attempt to find any employment.
7. Defendants, following Drs. Mahoney and Elkins recommendation, assigned a vocational rehabilitation consultant to plaintiff who arranged several job interviews for plaintiff. Plaintiff followed his family doctor's advice and only attended one of the interviews arranged. However, defendants have not shown that plaintiff could have obtained jobs suitable to his capacity.
8. Plaintiff has been unable to earn wages due to his physical restrictions and limitations which were caused by work-related injury, coupled with plaintiff's age, education and work experience.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The Form 21 executed by the parties on 26 March 1993 and approved by the Industrial Commission on 20 April 1993 gives plaintiff a presumption of total disability. Brown v. S NCommunications, Inc., ___ N.C. App. ___, 477 S.E.2d 197, 202
(1996); Franklin v. Broyhill Furniture Industries,123 N.C. App. 200, 205, 472 S.E.2d 382, 386 (1996).
2. The defendants did not present any evidence of "the employee's capacity to earn the same wages as before the injury or (of) the employee's capacity to earn lesser wages than before the injury." Thus, defendant did not successfully rebut plaintiff's presumption of disability. Brown v. S NCommunications, Inc., ___ N.C. App. ___, ___, 477 S.E.2d 197,202 (1996).
3. The defendants did not produce evidence that suitable jobs are available for the employee; that the employee is capable of being hired for a suitable job; and, that the job would enable the employee to earn some wages. Also, defendants did not show that plaintiff has unjustifiably refused employment. Thus, defendants did not successfully rebut plaintiff's presumption of disability. Brown, ___ N.C. App. ___, 477 S.E.2d at 203
(1996).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. As of 2 May 1994, defendants shall continue the temporary total disability benefits payable under the Form 21 Agreement approved in this matter on 20 April 1993 until such time as plaintiff is capable of engaging in gainful employment or until further order of the Industrial Commission.
2. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of the injury by accident of 13 January 1993. However, said medical expenses shall not include any medical expenses for continuing chiropractic care.
3. Each side shall pay its own costs, except that defendants shall pay an expert witness fee in the amount of $150.00 to Dr. Hooker, unless such fee has already been paid.
ORDER
Plaintiff is hereby ordered to cooperate with reasonable vocational rehabilitation efforts to return him to suitable work. His compensation will be subject to suspension should it be determined he has unnecessarily failed to cooperate. In view of the passage of time during the appeal process, a new functional capacity evaluation shall be conducted.
It is further ordered that this matter is referred to the Industrial Commission Rehabilitation Nurse Section for assignment of an Industrial Commission nurse to coordinate the medical evaluations. Plaintiff is also ordered to cooperate with the assigned nurse.
This is the 27th of June 1997.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER