The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Pittman. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the former Deputy Commissioner's denial of benefits and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Prior to the initial hearing, the parties entered into a Pre-Trial Agreement which is incorporated herein by reference, as is a Form 21 Agreement previously approved in this matter on 22 January 1992.
2. A one-page inter-office memo of 7 February 1994 was received into evidence at the hearing before the former Deputy Commissioner as Stipulated Exhibit One.
3. The pre-hearing deposition of Dr. William R. Brown was received into evidence as Stipulated Exhibit Two.
4. A packet of stipulated medical records was received into evidence as Stipulated Exhibit Three.
* * * * * * * * * * *
EVIDENTIARY RULING
All objections raised during the deposition of Dr. Brown were ruled upon in accordance with the law and the Opinion and Award rendered in this matter.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a fifty-five year old male high school graduate who sustained an admittedly compensable injury to his back, right elbow and right knee on or about 8 April 1991 during the course of his employment with defendant as a part-time dock worker when he fell backwards off the platform located between the dock and the truck.
2. Prior to working for the defendant, plaintiff worked as a painter, a fork lift operator, and a store manager.
3. On 9 April 1991, plaintiff was treated for his work-related injury at Forsyth Memorial Hospital where he was diagnosed with degenerative changes of the cervical spine, mild osteophyte formation of his lumbar spine and a fracture of the right elbow.
4. Plaintiff was then seen by Dr. Holthusen, who referred him to Dr. Crowell for tests. After Dr. Crowell performed a CT scan of plaintiff's head and EEG on 13 May 1991, both normal, Dr. Holthusen referred plaintiff to Dr. William R. Brown, Jr., who performed surgery and fusion on the plaintiff's cervical spine at the C5-6 level on 16 September 1991.
5. On 4 March 1992, Dr. Brown gave plaintiff a 30% permanent partial disability rating of the spine and released plaintiff to light work with a work restriction of no lifting more than twenty-five pounds and no repeated bending or twisting. Although plaintiff complained of headaches, MRI's of the cervical spine and head showed no significant abnormalities. Dr. Brown noted that plaintiff would continue to experience some chronic headaches and neck pain even though he had reached maximum medical improvement.
6. After reaching maximum medical improvement, plaintiff was involved in a non-work related automobile accident on 6 December 1992, which temporarily exacerbated plaintiff's headaches and neck pain, and from which he sustained no permanent partial disability.
7. In February 1993, defendant denied plaintiff's request for additional medical treatment for his headaches, contending that said treatment was unrelated to plaintiff's compensable injury. Thereafter, plaintiff, on his own, received medical treatment for headaches from 26 March 1993 until 14 June 1993
8. Following the 6 June 1994 hearing before the Deputy Commissioner, the plaintiff underwent testing and a functional capacity evaluation performed by Drs. Brown and Crowell. Dr. Brown then released the plaintiff with no change in his disability rating. Dr. Crowell also released the plaintiff, but without assigning a permanent partial disability rating. Plaintiff saw Dr. David Kelly for a second opinion and was given a 15% permanent partial disability rating on 21 July 1994.
9. Plaintiff obtained maximum medical improvement and was released to return to light work activities on 4 March 1992. Defendant stopped making temporary total disability payments without Industrial Commission authority and without making any attempt to offer or locate suitable employment for plaintiff, without showing plaintiff is capable of such employment and without presenting any evidence plaintiff retains any wage earning capacity.
10. Plaintiff received temporary total disability compensation from 9 April 1991 until 3 February 1994 pursuant to a Form 21 Agreement approved by the Industrial Commission on 22 January 1992. Defendant improperly ceased compensation to the plaintiff once the plaintiff reached maximum medical improvement. The presumption of plaintiff's disability remained after he reached maximum medical improvement, and the defendant retains the burden of sufficiently rebutting that presumption.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 8 April 1991 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. The parties stipulated to a Form 21 approved by the Industrial Commission on 22 January 1992. Defendant improperly ceased the Form 21 temporary total compensation payments once the plaintiff reached maximum medical improvement. The defendant has not sufficiently met its burden in that it has not offered evidence to rebut the plaintiff's claim of temporary total disability. Brown v. S N Communications, 124 N.C. App. 320
(1996), 477 S.E.2d 197. Heatherly v. Montgomery Components, Inc.,71 N.C. App. 377, 323 S.E.2d 29 (1984). Watson v. Winston-SalemTransit Authority, 92 N.C. App. 473, 374 S.E.2d 483 (1988).
2. Plaintiff is entitled to have defendant provide for all medical treatment arising from the injury by accident arising out of and in the course of employment with defendant to the extent it tends to effect a cure or give relief. This includes medical treatment for the period following February 1993. N.C. Gen. Stat. § 97-25.
3. Plaintiff is entitled to the temporary total disability payments which defendant improperly stopped on 4 March 1992. Plaintiff is entitled to temporary total compensation until plaintiff regains competitive employment or until further Order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
* * * * * * * * * * *
AWARD
1. Defendant shall pay the plaintiff temporary total compensation agreed upon in the Form 21 Agreement approved by the Industrial Commission on 22 January 1992. The compensation which has accrued shall be paid in a lump sum. Temporary total compensation shall continue until the plaintiff returns to work or until further Order of the Industrial Commission.
2. A reasonable attorney fee in the amount of 25 percent of the compensation which has accrued shall be paid in a lump sum directly to plaintiff's counsel. Thereafter, every fourth compensation payment shall be forwarded directly to plaintiff's counsel.
3. To the extent the same are reasonably designed to tend to effect a cure or provide needed relief from the disability associated therewith defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of his admittedly compensable injury by accident arising out of and in the course of his employment with defendant.
4. Defendant shall pay the costs.
This is 25th of August 1997.
 S/ ____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________ THOMAS J. BOLCH COMMISSIONER