The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to the provisions of the North Carolina Workers' Compensation Act.
2. Prior to the hearing before the Deputy Commissioner, the parties entered into a Pre-Trial Agreement which is incorporated herein by reference.
3. An employment relationship existed between plaintiff-employee and defendant-employer on 25 October 1994.
4. Defendant-employer is self-insured.
5. Defendants submitted a Form 22; however, the amount of the average weekly wage to be used for computation of the workers' compensation rate is at issue.
6. Plaintiff suffered a compensable injury to his back on 25 October 1994 and defendants paid compensation pursuant to a Form 60 which was submitted to the Commission 9 May 1995.
7. Defendants paid temporary total disability benefits at a rate of $160.01 per week from 25 October 1994 through 25 July 1995.
8. The following Industrial Commission Forms and Orders are received into evidence.
a) Form 19 dated 25 October 1994;
b) Form 24 filed 11 May 1995;
c) Form 33 filed 24 August 1995;
d) Form 33R filed 29 August 1995;
 e) Administrative Decision and Order by then Special Deputy Commissioner W. Bain Jones, Jr., filed 25 July 1995;
 f) Order by then Special Deputy Commissioner W. Bain Jones, Jr., filed 11 August 1995; and
g) Form 22 dated 20 February 1996.
9. A videotape of plaintiff is admitted as Stipulated Exhibit #2.
10. Plaintiff's medical records from:
a) Functional Capacity Evaluation;
b) Physical Therapy Reports;
 c) Dr. O'Keefe and Dr. Harlan Daubert at Salem Orthopaedics Sports Medicine, PA;
d) Forsyth Memorial Hospital;
e) Dr. Nitka at Greensboro Orthopaedic; and
 f) Kernersville Immediate Care received following the hearing before the Deputy Commissioner are admitted as Stipulated Exhibit #3.
11. Plaintiff's 1992, 1993, 1994 and 1995 State and Federal Tax Returns are admitted as Stipulated Exhibit #4.
12. The issues to be determined are what is the method for computing plaintiff's average weekly wage; and what benefits, if any, is plaintiff entitled to as a result of his compensable injury on 25 October 1994.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FADO
1. On 25 October 1994 plaintiff was a 34-year-old male employed by defendant-employer as an assistant manager trainee. Plaintiff had started in this capacity on 26 September 1994 and his duties consisted of overseeing the Arby's fast-food service operation located in Kernersville.
2. On 25 October 1994 plaintiff suffered a compensable injury to his back when he lifted a 50 pound box full of meat. Plaintiff reported his injury and received treatment from Kernersville Immediate Care where he was diagnosed with lumbosacral strain.
3. Kernersville Immediate Care referred plaintiff to Dr. Richard O'Keefe of Salem Orthopaedics Sports Medicine who diagnosed plaintiff with a disc bulge but no herniated disc.
4. Plaintiff's last day of work with defendant-employer was the date of injury, 25 October 1994. Dr. O'Keefe and Dr. Daubert indicate in notes plaintiff was totally incapacitated and unable to earn any wages from 25 October 1994 through mid-June 1995. Dr. O'Keefe and Dr. Daubert were unaware at the time they excused plaintiff from work that he had been working in his self-employment businesses since his 25 October 1994 injury.
5. Defendants accepted the claim through an Industrial Commission Form 60. Based on plaintiff's compensable injury and plaintiff's physicians' opinions of total incapacity, defendant-employer paid plaintiff temporary total disability benefits from 25 October 1994 through 25 July 1995, a period of thirty-eight (38) weeks.
6. After his 25 October 1994 injury plaintiff continued self-employed business pursuits of a tax preparation business, a photography studio and Race Fans businesses. Plaintiff did not attempt to search for alternative employment until mid-July 1995. Plaintiff was hired by Kmart 29 July 1995.
7. During 1994 plaintiff earned $12,365.00 in gross profits from his tax preparation business and $14,360.00 in gross income from his photography and Race Fan businesses. After expenses his total net income in these businesses for 1994 was $9,674.00.
8. During 1995 plaintiff earned $12,585.00 in gross profits from his tax preparation business and $23,580.00 in gross profits from his photography and Race Fan businesses. Though his total net income after all expenses was only $10,527.00, the increased gross profits in 1995 is reflective of plaintiff's ability to earn wages.
9. There is insufficient evidence of record to ascertain precisely what amount plaintiff earned from his self-employed businesses during the period he collected temporary total disability from defendants.
10. Following a Form 24 hearing where both parties presented evidence, then Special Deputy Commissioner W. Bain Jones, Jr. approved defendants' Form 24 Application and authorized defendants to terminate plaintiff's temporary total disability payments retroactively to 20 March 1995. Then Special Deputy Commissioner Jones' decision was based in part on the fact that while plaintiff was collecting temporary total disability he was also earning wages in his self-employed businesses.
11. Plaintiff filed a motion for reconsideration of then Special Deputy Commissioner Jones' decision and after consideration of the evidence, then Special Deputy Commissioner Jones denied plaintiff's motion by Order filed 11 August 1995.
12. Plaintiff re-injured his back on 31 October 1995. Defendants do not contest the compensability of this re-injury as a change of condition under N.C. Gen. Stat. § 97-47.
13. Plaintiff was treated conservatively by Dr. O'Keefe, Dr. Daubert, Dr. Nitka and received a functional capacity exam which established plaintiff could perform light/medium physical work with lifting restrictions of 30 pounds occasionally and 15 pounds frequently. On 20 March 1995 Dr. Nitka performed an independent medical exam. Dr. Nitka released plaintiff to light duty on that date in keeping with the restrictions of the functional capacity exam.
14. Plaintiff reached maximum medical improvement on 15 June 1995 and received a ten percent (10%) permanent partial disability rating to his back.
15. Plaintiff was hospitalized in November 1995 for back pain but later evaluations by his treating physicians indicated his permanent partial disability rating remained at ten percent (10%).
16. When plaintiff started work with defendant-employer in mid-September 1994, he was paid the trainee wage of $6.00 per hour for a 40-hour week.
17. Defendant-employer had a three-month training period, during which employees were required to take 4-5 written tests which asked specific questions to test their knowledge of management policies and procedures. Employees did not pass this trainee period if they performed unsatisfactorily on the tests.
18. During plaintiff's employment period with defendant-employer he had only taken one management test. There were nineteen answers completed and the person who graded plaintiff's test had concerns about six of plaintiff's answers. Plaintiff did not receive a good score on this first test.
19. Plaintiff was unable to take further tests due to his compensable injury and there was no guarantee plaintiff would ever pass his trainee period. Defendant-employer's policy was to terminate a trainee-employee if they received poor test scores on four tests.
20. According to plaintiff, defendant-employer knew and consented to plaintiff's self-employment businesses while working for defendant-employer. This testimony is not accepted by the undersigned as credible based on the testimony and other credible evidence in the record. A manager-trainee for defendant-employer had to be available seven days a week during operating hours.
21. Plaintiff also claims he was unable to work in any of his self-employed pursuits from 25 October 1994 through December 1994 and that when he returned to his photography studio he had to use a wheelchair. These statements are also not accepted as credible based on the testimony and other credible evidence in the record. Plaintiff's medical records do not mention the need or the use of a wheelchair.
22. Plaintiff's average weekly wage during his employment with defendant-employer was $240.00 per week per an Industrial Commission Form 22, yielding a compensation rate of $160.01 per week.
23. It would not be just and fair to all parties to calculate plaintiff's average weekly wage based on what he might earn if he passed his trainee period.
24. Likewise it would not be just and fair to all parties to use the salary of a comparable employee's first year wages because defendant-employer's policy was to increase an employee's wages upon successful completion of the trainee period. Plaintiff had no guarantee he would pass this trainee period.
25. Plaintiff operated his self-employed businesses on a full-time basis from the time of his compensable injury 25 October 1994 through 28 July 1996, except during a brief period in November 1995. Plaintiff did not attempt to seek other employment during this period.
26. Plaintiff was unable to earn any wages in his self-employed capacity from 1 November 1995 through 4 November 1995 when he was hospitalized for back pain as a result of his compensable injury. Immediately following his hospitalization, plaintiff was unable to earn wages in any capacity for four weeks due to his compensable injury.
27. In mid-July 1996 plaintiff began looking for other work and on 29 July 1996 plaintiff became employed by Kmart earning greater wages than he had earned with defendant-employer.
28. Defendants are entitled to a credit for any temporary total disability benefits paid to plaintiff from 25 October 1994 through 25 July 1995, a total of 38 weeks. Plaintiff was earning wages during this period and failed to look for additional employment.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is not entitled to a presumption of continuing temporary total disability as the parties never entered into a Form 21 Agreement. In cases where there has been no previous determination that the employee is disabled, the plaintiff bears the burden of proving his disability and the extent of his disability. Russell v. Lowe's, 108 N.C. App. 762, 425 S.E.2d 454
(1993); Stone v. G G Builders, 121 N.C. App. 671, 468 S.E.2d 627
(1996); Brown v. S N Communications, Inc., 124 N.C. App. 320,477 S.E.2d 197 (1996).
2. Plaintiff earned wages during the period he collected temporary total disability from the defendants and failed to search for employment other than his self-employment pursuits. Defendants' Form 24 Application to Terminate Compensation was properly granted on 25 July 1995. Plaintiff has failed to meet his burden of proving temporary total disability. Defendants are entitled to a credit for those amounts paid to plaintiff for temporary total disability from 25 October 1994 through 25 July 1995, a period of 38 weeks as these were not due and payable. N.C. Gen. Stat. § 97-42.
3. Plaintiff's average weekly wage must be calculated by one of the methods set forth by N.C. Gen. Stat. § 97-2(5). Plaintiff was employed by defendant-employer less than fifty-two (52) weeks. During that period he was a trainee-employee earning an average weekly wage of $240.00 resulting in a compensation rate of $160.01 per week. Utilizing a method which would result in a windfall to the plaintiff would be unfair and not in accordance with the plain meaning of the statute. In this case, it is fair and just to both parties to compute the average weekly wage based on plaintiff's earnings during the time plaintiff actually worked for defendant-employer, as reflected on the Form 22. N.C. Gen. Stat. § 97-2(5); Liles v. Electric Company, 244 N.C. 653,94 S.E.2d 790 (1956).
4. As a result of his compensable injury on 25 October 1994 plaintiff is entitled to temporary total disability for the period 1 November 1995 through 1 December 1995 at his compensation rate of $160.01 per week. N.C. Gen. Stat. § 97-29.
5. As a result of his compensable injury on 25 October 1994 plaintiff is entitled to permanent partial disability benefits for 30 weeks at a rate of $160.01 per week as a result of his ten percent (10%) disability to his back, minus defendants' credit of 38 weeks. N.C. Gen. Stat. § 97-31(23).
6. Plaintiff is entitled to have defendants provide all medical treatment arising from the 25 October 1994 compensable injury to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to plaintiff in a lump sum temporary total disability at a compensation rate of $160.01 per week from 1 November 1995 through 1 December 1995, subject to the credit approved in Paragraph 3.
2. Defendants shall pay to plaintiff in a lump sum for the permanent partial disability to his back for 30 weeks at his compensation rate of $160.01 per week, subject to the credit herein approved in Paragraph 3.
3. The amounts awarded plaintiff in Paragraphs 1 and 2 of this AWARD are subject to a credit to the defendants in the amount of 38 weeks paid to plaintiff after 25 October 1994 through 25 July 1995.
4. Since the amount for which defendants are entitled to a credit exceeds the amount of compensation plaintiff is entitled to under Paragraphs 1 and 2 of this AWARD, plaintiff is entitled to no further compensation.
5. Defendants shall pay the costs.
This is ___ October 1997.
 ______________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ KIM L. CRAMER DEPUTY COMMISSIONER
DISSENTING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER