I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's Opinion and Award in the instant matter. The medical records in this case reveal that following her compensable injury, plaintiff was treated and released to full-time light duty work with no recommendations for further medical intervention as of June 2, 1993, by Dr. K. Stuart Lee, a neurologist, [Transcript Exhibits at 31-32 (Ex. at ___)] and Dr. Helen Harmon, a rheumatologist,. Ex. at 60. A Functional Capacity Evaluation (FCE) corroborated that plaintiff's job with the employer-defendant fell into the recommended light work classification. Ex. at 63. After returning to work, plaintiff reported no problems with her modified work routine. Ex. at 73.
The parties entered Form 21 and Form 26 Agreements for Compensation, which created a presumption of continuing disability in favor of plaintiff. Kisiah v. W.R. Kisiah Plumbing, Inc.,124 N.C. App. 72, 76-77, 476 S.E.2d 434, 436-37 (1996), disc.rev. denied, 345 N.C. 343, 483 S.E.2d 169 (1997). The employer-defendant bears the burden to show that plaintiff is employable. Dalton v. Anvil Knitwear, 119 N.C. App. 275, 284,458 S.E.2d 251,257, disc. rev. denied and cert. denied, 341 N.C. 647,462 S.E.2d 507 (1995). To rebut the presumption of continuing disability, the employer must produce evidence that "1. Suitable jobs are available for the employee's physical and vocational limitations; 2. That the employee is capable of getting said job taking into account the employee's physical and vocational limitations; and 3. That the job would enable the employee to earn some wages." Brown v. S N Communications, Inc.,124 N.C. App. 320, 477 S.E.2d 197 (1996).
In the instant matter, plaintiff reached maximum medical improvement by September 12, 1993, with no further treatment indicated. Ex. at 53, 57. She had previously returned to her regular position with employer-defendant, thereby exhibiting wage-earning capacity. Her position with the employer-defendant fell within her restriction of light duty work as determined by the FCE. In October 1993, plaintiff voluntarily terminated her position with employer-defendant citing the following reasons (during a telephone conversation with Sandra Schumann of State Farm): "(1) no raise in three years; (2) the doctor she worked for was moody and difficult; (3) the practice was going to open a new office fifty miles away and she would be required to travel there to work every other week and (4) there was more work than she could do." Ex. at 22. After voluntarily leaving employer-defendant, plaintiff worked at least part-time for two other employers. She has provided no proof that she has made any reasonable attempts to find employment since September 17, 1995. Ex. at 11. For these reasons, employer-defendant has met its burden to rebut sufficiently plaintiff's assertion of continuing disability.
Plaintiff has not demonstrated through medical records or medical testimony that she has undergone a change of condition related to her compensable injury nor has she shown that her alleged current condition is related to that injury. Ex. at 56; 59; 82, See also Click v. Pilot Freight Carriers, Inc., 300 N.C. 164,265 S.E.2d 389 (1980). Plaintiff was treated for her compensable injury, released to full-time work provided by employer-defendant with no further treatment recommendations. Plaintiff voluntarily chose to leave the employment of employer-defendant. Employer-defendant has sufficiently rebutted the presumption that plaintiff has a continuing disability related to her compensable injury. For these reasons, the undersigned would affirm the findings of the Deputy Commissioner who correctly analyzed the competent evidence in this case, applied the appropriate law, and came to the conclusion mandated by the evidence.
This ___ day of July.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER