The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II and the briefs and arguments on appeal. The appealing party has failed to show good ground to receive further evidence or to amend the holding of the Deputy Commissioner. However, pursuant to its authority under G.S. 97-85, the Full Commission modifies in part and affirms in part the Deputy Commissioners decision and enters the following Opinion and Award.
Before the Full Commission, defendants moved to reopen the evidence on the issue of job offers, which they contend, have been offered to plaintiff and which, are suitable. After careful review, the Full Commission finds that defendants have failed to show good ground in support of their motion, which is hereby DENIED.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as an executed Pre-Trial Agreement, as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employer-employee relationship existed between defendant-employer and plaintiff at all relevant times herein.
3. Liberty Mutual Insurance Company was the compensation carrier on risk at all relevant times herein.
4. Plaintiffs average weekly wages will be determined from a Form 22 to be provided by defendants.
5. Plaintiff alleges he injured his back and left shoulder in the course and scope of his employment with defendant-employer on 23 May 1997 when he was involved in an automobile accident. And as a result of the said accident his pre-existing cervical degenerative disc disease was aggravated, exacerbated or accelerated, which defendants deny.
6. Plaintiff has been out of work since 15 May 1999, and no workers compensation benefits have been paid.
7. The issues to be determined are as follows:
a) Whether plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer on 23 May 1997?
b) If so, what, if any, workers compensation benefits is plaintiff entitled to receive as a result of the injuries sustained?
 ***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff was a fifty-eight year old man at the time of this hearing. Plaintiff had completed high school and one year of college.
2. Plaintiff began working for defendant-employer in May of 1988. Plaintiff has worked for over forty years in the cafeteria and food service business.
3. On 23 May 1997, plaintiff was working as the breakfast shift manager for defendant-employer. Plaintiff had left the cafeteria to pick up some supplies and as he was returning, he was involved in an automobile accident. Plaintiff reported the accident to his supervisor.
4. Plaintiffs vehicle was damaged to the point that it had to be towed from the scene of the accident.
5. Immediately following the accident, plaintiff experienced pain in his left shoulder and arm. He did not seek medical attention until 24 May 1997, the day after the accident.
6. Plaintiff was initially seen and treated by Dr. Mark Day Lenderman, a family practitioner, on 24 May 1997. Dr. Lenderman noted that he had been treating plaintiff since September 1994, and plaintiff had not made any complaints to him about experiencing any pain or problems in reference to his shoulder, back or neck. Plaintiff presented to Dr. Lenderman on 24 May 1997 with complaints of persistent pain in the left arm and shoulder. Plaintiff was treated by Dr. Lenderman with conservative measures through 1 July 1997.
7. Thereafter, plaintiff was seen and treated by Dr. Stewart Harley, an orthopedic surgeon. Dr. Harley initially saw plaintiff on 26 August 1997. Dr. Harley diagnosed plaintiffs condition as significant degenerative disc disease and degenerative arthritis in the cervical spine with associated neck and arm pain, which pre-existed plaintiffs accident of 23 May 1997. Dr. Harley was of the opinion that plaintiffs pre-existing condition was aggravated by the automobile accident of 23 May 1997.
8. Plaintiffs condition did not improve and Dr. Harley referred him to Dr. Cecil T. Durham. Dr. Durham in turn referred plaintiff to Dr. Schulhof. Plaintiff was initially seen by Dr. Lary Alan Schulhof, a neurological surgeon, in December 1997.
9. Dr. Schulhof performed surgery on plaintiff on 14 January 1998, which included a three level anterior diskectomy and interbody fusion with removal of spurs and osteophytes at C4-5, C5-6 and C6-7. Dr. Schulhof released plaintiff to return to work on 27 March 1998. Plaintiff thereafter returned to his job with defendant-employer and continued to perform in this position until 15 May 1999.
10. Plaintiff stopped working on 15 May 1999, because he was not able to continue to work due to the pain he was experiencing. In plaintiffs position, he was expected to have the line open in a timely fashion each morning when it was scheduled to open. Plaintiff found it necessary to perform many tasks that were not a part of his job description in order to perform his job. He might have to cook, lift and carry items to get them ready to go on the line. He would have to do these jobs due to being short of help because an employee was late or was not coming to work. When plaintiff was required to perform the other task, he was working beyond his restrictions.
11. Prior to 23 May 1997, plaintiff had an asymptomatic cervical spondylosis that both Drs. Schulhof and Harley indicated would have required surgical intervention sometime in the future, notwithstanding the 23 May 1997 automobile accident. But Dr. Schulhof went on to say that but for the automobile accident, plaintiff may have continued for another thirty years before his condition became symptomatic and required surgery.
12. Dr. Schulhof was of the opinion that the automobile accident of 23 May 1997 aggravated and accelerated plaintiffs neck spondylosis, and was the cause for plaintiff having to have the surgery of 14 January 1998. Drs. Harley and Lenderman agreed with this opinion.
13. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 23 May 1997.
14. As the result of his 23 May 1997 injury by accident, plaintiff materially aggravated his back condition which caused him to have surgery and thereafter be unable to perform his job with defendant-employer.
15. Plaintiff was paid his full salary or short term disability benefits for the periods of time he was out of work prior to 15 May 1999 as a result of his disability caused by his injury.
16. The position offered to plaintiff by defendant-employer was beyond the restrictions placed upon plaintiff by his treating physician and therefore, not suitable. His refusal of this unsuitable job was justified.
17. Dr. Schulhof released plaintiff again on 24 July 1999. He gave plaintiff a fifteen percent (15%) permanent partial disability rating to his back as a result of his injury by accident of 23 May 1997.
18. The fact that plaintiff has reached maximum medical improvement is not determinative of whether he is able to earn the same wage he earned prior to his injury by accident.
19. As the result of his 23 May 1997 injury by accident, plaintiff was unable to earn wages in his former position with defendant-employer or in any other position from 15 May 1999 through the present and continuing.
20. The parties stipulated that plaintiffs average weekly wages would be determined from a Form 22 to be provided by defendants. When the record of the hearing was initially prepared, the Form 22 was inadvertently omitted. The Form 22 has now been submitted to the Commission, and with the agreement of both parties is hereby admitted into the record. Based upon this Form 22, plaintiffs average weekly wage on 23 May 1997 was $519.52, yielding a compensation rate of $346.36.
21. The delay by plaintiff in giving formal written notice of his accident to defendants is reasonably excused in that defendant-employer has actual knowledge of the incident and defendants were in no way prejudiced by this delay.
22.This matter was appealed to the Full Commission by defendants and is resulting in the award of ongoing compensation to plaintiff.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiffs average weekly wage on 23 May 1997 was $519.52, yielding a compensation rate of $346.36. G.S. 97-2(5).
2. The delay by plaintiff in giving formal written notice of his accident to defendants is reasonably excused in that defendant-employer had actual knowledge of the incident and defendants were in no way prejudiced by this delay. G.S. 97-22.
3. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 23 May 1997. G.S.97-2(6). Plaintiffs back condition was materially aggravated for the worse as a direct and proximate result of his 23 May 1997 injury by accident. Id.
4. A finding that plaintiff has reached maximum medical improvement "is not the equivalent of a finding that the employee is able to earn the same wage earned prior to injury. Brown v. S N Communications, Inc.,124 N.C. App. 320, 477 S.E.2d 197 (1996). Id.
5. As the result of his 23 May 1997 injury by accident, plaintiff is entitled to be paid by defendants ongoing total disability compensation at the rate of $346.36 per week for the period of 15 May 1999 through the present and continuing until such time as he returns to work or until further order of the Commission. G.S. 97-29.
6. As the result of his 23 May 1997 injury by accident, plaintiff is entitled to receive medical benefits from defendants for so long as they continue to effect a cure, give relief and/or lessen plaintiffs period of disability. G.S. 97-25.
7. Plaintiff is entitled to be paid by defendants, as part of the bill of costs, an attorneys fee in the amount of $750.00 for defending this appeal to the Full Commission. G.S. 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the Deputy Commissioners holding and enters the following:
 AWARD
1. Defendants shall pay to plaintiff ongoing total disability compensation at the rate of $346.36 per week for the period of 15 May 1999 through the present and continuing until such time as he returns to work or until further order of the Commission. From the amounts having accrued, this compensation shall be paid to plaintiff in a lump sum. This compensation is subject to the attorneys fee approved herein.
2. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury.
3. Defendants shall pay to plaintiff an attorneys fee in the amount of $750.00 as part of the bill of costs for defending this appeal to the Full Commission. G.S. 97-88. This fee is in addition to the attorneys fee approved herein as a percentage of the compensation paid to plaintiff.
4. A reasonable attorneys fee of twenty-five percent (25%) of the compensation awarded plaintiff herein is hereby approved for counsel for plaintiff. From the compensation that has accrued, this fee shall be deducted from the amounts due plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check thereafter.
4. Defendants shall pay the costs of this action.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/__________________ LAURA K. MAVRETIC COMMISSIONER
S/__________________ THOMAS J. BOLCH COMMISSIONER