The majority in the present case erred in finding that plaintiff did not continue to be temporarily totally disabled after March 8, 2002, the date he was released to return to full-duty work by Dr. Robert Abraham, plaintiff's treating neurosurgeon. The evidence of record shows that despite the release to return to work, plaintiff continued to be disabled.
A review of the record in this matter shows that defendants accepted plaintiff's claim by a Form 60, which placed a burden on plaintiff to prove his disability. Through medical evidence, plaintiff proved he was temporarily totally disabled from the date of injury, May 19, 2001, through March 8, 2002, the date he was released to return to work by Dr. Abraham. However, once a claimant proves disability, there is a presumption that disability continues until the employee returns to work at wages equal to those he was receiving at the time of his injury. Brownv. SN Communications, 124N.C. App. 320, 477 S.E.2d 197 (1996). Moreover, an employee's return to work is not the equivalent of a finding that the employee is able to earn the same wage earned prior to the injury, nor does it automatically deprive an employee of the benefit of a presumption of disability. Radica v.Carolina Mills, 113 N.C. App. 440, 439 S.E.2d 185.
In the instant case, the evidence of record shows that when Dr. Abraham released plaintiff to return to work on March 8, 2002, plaintiff was continuing to suffer from pain in his back, hip, and groin. Although Dr. Abraham released plaintiff without restrictions, the release is contradicted by his own testimony at deposition when he stated that plaintiff would have to use "proper body mechanics" to avoid re-injury. Further, Dr. Abraham testified that the release to work was only with regard to plaintiff's radiculopathy, and not his groin. Dr. Kyle B. Potts, a general surgeon with whom plaintiff treated once to rule out the possibility of a hernia, believed plaintiff may have a partial injury or tear to the cremasteric muscle on the right side of plaintiffs groin, and stated at deposition that he would have recommended light-duty work with no climbing or lifting greater than 20 pounds.
Despite the March 8, 2002, release to work by Dr. Abraham, plaintiff has been unable to return to his pre-injury employment or any other employment as a result of his continuing disability. The majority erred in failing to award plaintiff continuing temporary total disability benefits. For the reasons given herein, I respectfully dissent.
This 1st day of July 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER