ELVA L. LITTLE, Employee, Plaintiff v. ANSON COUNTY SCHOOLS FOOD SERVICE, Employer; TRAVELERS INSURANCE COMPANY, Carrier; Defendants

No. 7620IC929

(Filed 3 August 1977)

1. **Master and Servant § 65— workmen's compensation — back injury — no total disability**

The Industrial Commission did not err by failing to find that plaintiff suffered a permanent total disability where there was medical testimony that plaintiff could perform other jobs and where plaintiff failed to show a total inability to work.

2. **Master and Servant § 65— workmen's compensation — back injury — sufficiency of evidence**

In an action to recover for an injury sustained as a result of a fall which occurred while plaintiff was employed as a cook by defendant, evidence was sufficient for the Industrial Commission to find that the injury was to plaintiff's back, even though the injury resulted in weakness in other areas of plaintiff's body, and that plaintiff suffered a 45 percent disability therefrom.

3. **Master and Servant § 94— workmen's compensation — employee's average weekly wage — stipulation — sufficiency of evidence**

The Industrial Commission did not err in concluding that plaintiff's average weekly wage was $62.40 per week including overtime and all allowances where plaintiff stipulated to that fact.

APPEAL by plaintiff from Industrial Commission. Opinion and order filed by the full Commission 25 August 1976. Heard in the Court of Appeals 8 June 1977.

On 20 November 1973, plaintiff sustained injuries as a result of a fall which occurred while she was employed as a cook for defendant Anson County Schools Food Service. All parties are agreed that plaintiff's injury is compensable within the North Carolina Workmen's Compensation Act.

Dr. Jerry H. Greenhoot, who originally treated plaintiff, testified before the hearing commissioner that she suffered a traumatic injury to her spinal cord from the fall; that the injury was "[a]n incomplete spinal cord injury but a significant injury"; that on 24 January 1974, he performed surgery on plaintiff in the hope that it would yield improvement but that her condition did not improve significantly thereafter; that plaintiff "has incomplete use of all her extremities"; that she had a myelopathy resulting in "weakness" in her extremities; that she

was 100 percent disabled to work at her job; and that, in terms of her total life functions, she was 50 percent disabled.

Dr. Stephen Mahaley, a neurosurgeon at Duke Medical Center, examined plaintiff on 19 September 1974. He testified that plaintiff had suffered a traumatic injury to her spinal cord; that her neurological and functional disability was 40 percent; and that plaintiff could still pursue some types of work.

Following the evidentiary hearings, Deputy Commissioner C. A. Dandelake entered an opinion and award in which he entered a stipulation that plaintiff's average weekly wage at the time of her injury was $58.31 and that the compensation rate equalled $38.87. He then found, *inter alia*, " . . . that the Plaintiff has an average permanent partial disability of 45% or loss of use of her back" and concluded that plaintiff was entitled to compensation at a rate of $38.87 per week for a period of 135 weeks.

On appeal, the majority of the full Commission affirmed the finding that plaintiff had a 45 percent partial disability for loss of use of her back. They also modified the hearing commissioner's opinion to add a new finding that plaintiff's average weekly wage was $62.40 and, based on this amount, computed plaintiff's compensation to be $41.60 per week.

Other relevant facts are set out in the opinion below.

*Henry T. Drake for plaintiff appellant.*

*Boyle, Alexander & Hord, by B. Irvin Boyle and Norman A. Smith, for defendant appellees.*

MORRIS, Judge.

[1] Plaintiff contends that the full Commission erred in failing to find that she suffered a permanent total disability. We disagree.

G.S. 97-2(9) defines "disability" as " . . . *incapacity* because of injury *to earn the wages* which the employee was receiving at the time of injury *in the same or any other employment.*" (Emphasis supplied.) Thus, the injured employee's disability is determined by the impairment of his wage-earning capacity and not by the extent of his physical impairment. *E.g., Ashley v. Rent-A-Car Co.*, 271 N.C. 76, 155 S.E. 2d 755

(1967); *Dail v. Kellex Corp.*, 233 N.C. 446, 64 S.E. 2d 438 (1951); *Snead v. Mills, Inc.*, 8 N.C. App. 447, 174 S.E. 2d 699 (1970).

In the present case, plaintiff introduced evidence that at the time of her injury he was a 49-year-old laborer with an eighth grade education. Dr. Greenhoot testified that plaintiff's 50 percent disability rating " . . . is not related to work. It's related to total overall life functions." He also stated that plaintiff was 100 percent disabled "[t]o work *at her job*," but indicated that there were other jobs which could be performed under similar disability. Dr. Mahaley similarly testified that " . . . there are some gainful occupations that someone with [plaintiff's] degree of neurological problem could pursue."

This situation is clearly distinguishable from that in *Mabe v. Granite Corp.*, 15 N.C. App. 253, 189 S.E. 2d 804 (1972), cited by plaintiff. In *Mabe*, the Commission found that the plaintiff, age 61, had a fifth grade education, that his occupational abilities extended only to jobs requiring hard labor, and that his injury prevented him from performing hard labor. These findings were supported by competent evidence in the record and were not excepted to on appeal. The Commission concluded that the plaintiff was totally incapacitated to earn wages "in the same *or any other* employment," even though his medical disability rating was only 40 percent. This Court, noting that crucial findings were not excepted to and were supported by competent evidence, affirmed the Commission's finding of total disability, even though the claimant's medical disability was only 40 percent.

Thus, such factors as a claimant's age and educational level *may* justify enlarging a partial medical disability into a finding of total incapacity. This is not to say, however, that the Commission is *required* to so find where, as here, there is medical testimony that plaintiff can perform other jobs and where plaintiff has failed to show a total inability to work. Accordingly, we hold that the Commission did not err by failing to find that plaintiff suffered a permanent total disability.

[2] Plaintiff next contends that the Commission erred in finding that she suffered a 45 percent permanent partial disability to her back. Of course, findings of fact made by the Commission which are non-jurisdictional are binding on appeal if they are supported by any competent evidence, even though there is

evidence that would have supported a contrary finding. *Hales v. Construction Co.*, 5 N.C. App. 564, 169 S.E. 2d 24 (1969).

The medical testimony showed that plaintiff, prior to her injury, suffered from cervical spondylosis, a change that occurs in the bones of the cervical spine. The condition is caused by "the wear and tear of everyday life on the neck" and is "almost a natural aging process." When she fell, plaintiff landed in a sitting position on her coccyx at the base of her backbone. The jolt to her spine, combined with her cervical spondylosis, resulted in a myelopathy. Due to the myelopathy, plaintiff suffered a weakness in some of her extremities. It is apparent that the injury was caused by the impact to plaintiff's backbone, which in turn aggravated the pre-existing condition in her neck. Even though the injury resulted in weakness in other areas of plaintiff's body, the evidence was sufficient for the Commission to find, as it did, that the injury was to plaintiff's back and that she suffered a 45 percent disability therefrom.

Moreover, we fail to see how G.S. 97-29, upon which plaintiff relies, is pertinent to this case. That statute applies when " . . . total and permanent disability results from paralysis resulting from an injury to the brain or spinal cord . . . ". According to plaintiff's own doctor's testimony, she suffered from "weakness, *not paralysis.*" Thus, in the case *sub judice,* there was neither permanent and total disability nor paralysis, and the Commission properly avoided reliance upon G.S. 97-29.

[3] Plaintiff lastly contends that the Commission erred in finding that her average weekly wage was $62.40 per week. She argues that the Commission should have considered evidence which showed that her weekly salary was $65.15, and that she received additional amounts in the form of retirement and insurance benefits. However, the record includes an "Agreement for Compensation for Disability," signed by plaintiff, in which she stipulated "[t]hat the actual average weekly wage of the employee at the time of said injury, *including overtime and all allowances,* was $62.40." This finding, supported by the stipulation, is conclusive on appeal, *Hales v. Construction Co., supra,* and plaintiff may not now be heard to complain.

Affirmed.

Judges PARKER and CLARK concur.