BARBARA RUSSOS, PLAINTIFF v. WHEATON INDUSTRIES, EMPLOYER-DEFENDANT, AND/OR NATIONAL UNION FIRE INSURANCE COMPANY, CARRIER-DEFENDANT, (AMERICAN INTERNATIONAL ADJUSTMENT CO., INC., SERVICING AGENT)

No. COA00-1014

(Filed 17 July 2001)

**Workers' Compensation— temporary total disability—maximum medical improvement**

The full Industrial Commission did not err by awarding plaintiff employee ongoing temporary total disability even though plaintiff reached maximum medical improvement and had been released to return to work with restrictions, because: (1) a finding of maximum medical improvement is not the equivalent of a finding that the employee is able to earn the same wage earned prior to injury and does not rebut the ongoing presumption of disability created by the Form 21 agreement between the parties; and (2) plaintiff's presumption of disability continued since defendant employer failed to provide a job within plaintiff's restrictions and terminated plaintiff from her employment.

Appeal by defendants from opinion and award entered 28 April 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 May 2001.

RUSSOS v. WHEATON INDUS.

[145 N.C. App. 164 (2001)]

*Young Moore and Henderson, P.A., by J.D. Prather and Dawn M. Dillon for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Gregory M. Willis, for defendant-appellants.*

MARTIN, Judge.

Defendants appeal from an opinion and award of the North Carolina Industrial Commission awarding plaintiff benefits for ongoing temporary total disability. Briefly summarized, the record discloses that on 15 November 1989, plaintiff sustained a compensable injury to her shoulder and back in the course and scope of her employment with Wheaton Industries (defendant-employer), a manufacturer of plastic bottles. As a result of this injury, plaintiff received temporary total disability compensation from 30 January 1990 until 12 November 1990 pursuant to a Form 21, "Agreement for Compensation for Disability" approved by the Commission on 4 May 1990. On 13 November 1990, the Commission approved defendants' Industrial Commission Form 24 application to terminate benefits.

On 26 October 1993, a deputy commissioner filed an opinion and award following a hearing requested by plaintiff to dispute the termination of her benefits. The deputy commissioner concluded that plaintiff was not entitled to receive additional temporary total disability payments but awarded her benefits for permanent partial disability pursuant to G.S. § 97-31(23). On appeal, the Full Commission reversed the deputy commissioner's decision and granted plaintiff continuing temporary total disability until she completed a paralegal training program; she was also awarded compensation for a five percent permanent partial disability to her back. Defendants appealed to this Court, which vacated the award of temporary total disability, and remanded the case to the Commission for findings as to plaintiff's ability or inability to earn the same wages she was receiving at the time of her injury. The Court also vacated the Commission's award of simultaneous compensation for temporary total disability and for permanent partial disability. *Russos v. Wheaton Industries,* 123 N.C. App. 354, 473 S.E.2d 693 (unpublished, COA94-1345, filed 16 July 1996).

Upon remand, the Commission issued an opinion and award on 28 April 2000. The Commission made the following relevant findings regarding plaintiff's disability:

6. . . . as a result of her compensable injury on November 15, 1989, by June 1, 1990, plaintiff reached maximum medical improvement and was capable at that time of returning to full time work with restrictions of no lifting greater than 10 to 15 pounds and avoidance of pushing, pulling and reaching activities with her arms, especially with her left arm.

7. Defendant-employer, however, had no jobs available on June 1, 1990 within these restrictions. As a result, plaintiff's employment with defendant-employer was terminated. Defendants continued to pay temporary total disability compensation to plaintiff following her termination, through November 12, 1990, when defendants' Form 24 was approved by the Commission.

8. In the fall of 1990, plaintiff enrolled in the paralegal program at Durham Tech. This was a reasonable attempt at rehabilitation given the totality of the circumstances surrounding the case.

9. As a result of her compensable injury on November 15, 1989, plaintiff was disabled and unable to earn wages which she received at the time of her injury in the same or any other employment.

10. As a result of her compensable injury on November 15, 1989, plaintiff has a five percent permanent functional impairment to the back.

Based on these findings, the Commission awarded plaintiff ongoing temporary total disability "continuing until further Order of the Commission." Defendants appeal.

---

Defendants contend the Full Commission erred in awarding plaintiff ongoing temporary total disability. They argue she was no longer disabled within the meaning of G.S. § 97-2(9) because she had reached maximum medical improvement, had been released to return to work, albeit with restrictions, but chose instead to pursue an educational goal. We affirm the Commission's award.

When reviewing an opinion and award of the Industrial Commission, findings of fact " 'are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999) (citing *Jones v. Myrtle Desk Co.*, 264 N.C. 401,

**RUSSOS v. WHEATON INDUS.**

[145 N.C. App. 164 (2001)]

141 S.E.2d 632 (1965)). "The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Id.* (citation omitted). We review the Commission's conclusions of law, however, *de novo. Snead v. Carolina Pre-Cast Concrete, Inc.*, 129 N.C. App. 331, 499 S.E.2d 470, *cert. denied*, 348 N.C. 501, 510 S.E.2d 656 (1998).

An employee is entitled to compensation if she is disabled as a result of a work-related injury. *Rhinehart v. Market*, 271 N.C. 586, 157 S.E.2d 1 (1967). "Disability" is defined as an "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9). Although the employee has the initial burden of establishing a disability, "our case law has consistently held that once a Form 21 agreement is entered into by the parties and approved by the Commission, a presumption of disability attaches in favor of the employee." *Saums v. Raleigh Community Hosp.*, 346 N.C. 760, 763, 487 S.E.2d 746, 749 (1997) (citing *Watkins v. Central Motor Lines, Inc.*, 279 N.C. 132, 137-38, 181 S.E.2d 588, 592 (1971); *Kisiah v. W.R. Kisiah Plumbing, Inc.*, 124 N.C. App. 72, 76-77, 476 S.E.2d 434, 436-37 (1996), *disc. review denied*, 345 N.C. 343, 483 S.E.2d 169 (1997); *Dalton v. Anvil Knitwear*, 119 N.C. App. 275, 282-83, 458 S.E.2d 251, 256-57, *disc. review and cert. denied*, 341 N.C. 647, 462 S.E.2d 507 (1995); *Radica v. Carolina Mills*, 113 N.C. App. 440, 447, 439 S.E.2d 185, 190 (1994)).

Defendants in the present case argue that plaintiff's presumption of disability ended on 1 June 1990, the date upon which plaintiff reached maximum medical improvement according to the Commission's findings. However, this Court has expressly held that,

> [a] finding of maximum medical improvement is not the equivalent of a finding that the employee is able to earn the same wage earned prior to injury and does not satisfy the defendant's burden. "The maximum medical improvement finding is solely the prerequisite to determination of the amount of any permanent disability for purposes of G.S. 97-31."

*Brown v. S & N Communications, Inc.*, 124 N.C. App. 320, 330, 477 S.E.2d 197, 203 (1996) (citing *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 476, 374 S.E.2d 483, 485 (1988)). In *Brown*, the Court went on to hold that the Commission erred "by mis-

taking a finding of maximum medical improvement for evidence sufficient to rebut the continuing presumption of disability." *Id.*

The North Carolina Supreme Court has stated repeatedly that the term "disability" is not simply a medical question, but includes an assessment of other vocational factors, including age, education, and training. *See, e.g., Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982); *Little v. Food Service*, 33 N.C. App. 742, 236 S.E.2d 801 (1977), *rev'd on other grounds*, 295 N.C. 527, 246 S.E.2d 743 (1978). Maximum medical improvement, which does not include these other aspects of disability as defined by the Workers' Compensation Act, therefore cannot by itself establish a resumption of wage earning capacity.

We are mindful, however, of other decisions by this Court, which intimate that an award of temporary total disability is improper after the date of maximum medical improvement. *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 472 S.E.2d 382, *cert. denied*, 344 N.C. 629, 477 S.E.2d 39 (1996). In *Royce v. Rushco Food Stores, Inc.*, 139 N.C. App. 322, 331, 533 S.E.2d 284, 289 (2000), a panel of this Court held that "plaintiff's presumption of temporary total disability ended on 7 July 1995 when she reached maximum medical improvement, and plaintiff had the burden of proving she was entitled to permanent disability." In *Royce*, however, the plaintiff could not rely on the continuing presumption of disability created by the Form 21 because she had returned to work for the defendant at pre-injury wages subsequent to the filing of the Form 21. *Id.* Our review of the case law regarding this issue does not support the conclusion that a finding of maximum medical improvement serves to rebut the ongoing presumption of disability created by the Form 21 agreement between the parties. *See, e.g., Brown*, 124 N.C. App. 320, 477 S.E.2d 197; *Watson*, 92 N.C. App. 473, 374 S.E.2d 483. Rather, an employer can overcome the presumption of disability by providing evidence that:

(1) suitable jobs are available for the employee;

(2) that the employee is capable of getting said job taking into account the employee's physical and vocational limitations;

(3) and that the job would enable employee to earn some wages.

*Franklin*, 123 N.C. App. at 209, 472 S.E.2d at 388.

WHITTAKER v. FURNITURE FACTORY OUTLET SHOPS

[145 N.C. App. 169 (2001)]

In the present case, following plaintiff's injury on 15 November 1989, the parties entered into a Form 21, "Agreement for Compensation for Disability." At this point, a presumption of disability was established for plaintiff. Thereafter, plaintiff never returned to work for defendant-employer or for any other employer. The Full Commission found that even though plaintiff reached maximum medical improvement by 1 June 1990, defendant-employer failed to provide a job within plaintiff's restrictions and terminated plaintiff from her employment. Plaintiff's presumption of disability, therefore, continued. After making findings regarding plaintiff's condition, the Commission ordered defendants to resume payment of total disability payments beginning 13 November 1990 and continuing "until further Order of the Commission." We hold, based on the existence of the Form 21, plaintiff maintained a continuing presumption of disability, and that the Industrial Commission did not err in awarding plaintiff ongoing temporary total disability.

Affirmed.

Judges HUNTER and HUDSON concur.