WILLIAM KEITH BURCHETTE, Employee, Plaintiff-Appellee v. EAST COAST MILLWORK DISTRIBUTORS, INCORPORATED, Employer, ZENITH INSURANCE COMPANY, Carrier, Defendant-Appellants

No. COA00-1535

(Filed 16 April 2002)

**1. Workers' Compensation— temporary total disability benefits—maximum medical improvement**

The Industrial Commission did not err in a workers' compensation case by awarding temporary total disability benefits under N.C.G.S. § 97-29 to plaintiff employee after specifically finding that plaintiff had reached maximum medical improvement, because: (1) the Court of Appeals has previously held that it is not error as a matter of law to award temporary total disability payments after an employee has reached maximum medical improvement; and (2) even though there was a finding of maxi-

mum medical improvement, plaintiff is still entitled to a continuing presumption of disability which defendants have yet to overcome.

## 2. Workers' Compensation— disability—burden of proof— employee capable of returning to employment

The Industrial Commission did not err in a workers' compensation case by placing the burden of proof on defendants to show that plaintiff employee was capable of returning to employment, because: (1) defendants are unable to rebut the presumption of continuing disability with a finding of maximum medical improvement; and (2) there is competent evidence in the record to support the Commission's findings of fact that the jobs presented to plaintiff were not suitable given plaintiff's restrictions.

## 3. Workers' Compensation— ten percent penalty—past due compensation

The Industrial Commission did not err in a workers' compensation case by assessing a ten percent penalty under N.C.G.S. § 97-18(g) on all compensation that was past due, because: (1) although defendants filed an appropriate Form 28T in response to plaintiff's return to work on 26 April 1996, defendants were aware that plaintiff's trial return to work was unsuccessful; (2) when plaintiff made a subsequent trial return to work on 2 May 1996, defendants failed to file a subsequent and separate Form 28T in response to this subsequent return to work; (3) there is no language in the General Statutes or in the Industrial Commission Rules which mandates that the employee file a form with the Industrial Commission in order to have the employee's benefits reinstated after an unsuccessful trial return to work; and (4) once defendants had knowledge that plaintiff's trial return to work was unsuccessful, they were required to reinstate compensation pursuant to the Form 21 approved 6 April 1995, and defendants' remedy if they felt plaintiff's refusal to work was unjustified was to file a Form 24 under N.C.G.S. § 97-18.1(c).

## 4. Workers' Compensation— approval of treating physician— abuse of discretion standard

The Industrial Commission did not err in a workers' compensation case by striking the testimony of one doctor and designating another doctor as plaintiff's treating physician, because: (1) as long as there is any competent evidence to support the possibility of undue influence upon the treating physician, the

Commission's findings on this basis are conclusive on appeal; and (2) the approval or disapproval of a treating physician is within the discretion of the Industrial Commission, and defendants have presented no argument amounting to abuse of discretion.

**5. Workers' Compensation— failure to render opinion within 180 days—no prejudice**

Although defendants contend the Industrial Commission erred in a workers' compensation case by failing to render an opinion within 180 days after the close of the record as required by N.C.G.S. § 97-84, defendants have failed to show how this delay prejudiced them in any manner.

Appeal by defendants from opinion and award entered 16 August 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 8 November 2001.

*Walden & Walden, by Daniel S. Walden, for plaintiff-appellee.*

*Morris York Williams Surles & Barringer, LLP, by G. Lee Martin, for defendant-appellants.*

McGEE, Judge.

Defendants appeal from the award of workers' compensation benefits to plaintiff William Keith Burchette. Plaintiff sustained an injury arising in and out of his employment with defendant East Coast Millwork Distributors, Incorporated, on 11 May 1994. A pallet of glass fell on the foot of another employee, and plaintiff lifted the pallet high enough for the employee to free himself. In doing so, plaintiff sustained a low back injury. Defendants accepted the claim as compensable pursuant to a Form 21 agreement dated 21 June 1994 and approved by the Industrial Commission 6 April 1995.

Plaintiff initially received treatment at Jonesville Family Medical Center and was diagnosed with acute low back pain. From 17 May 1994 until 18 July 1995, plaintiff attempted to return to work with defendant at least five times at various light duty jobs created for or modified for plaintiff. Each of these attempts was unsuccessful. During this period plaintiff also received various medical care procedures, including steroid injections and physical therapy.

Plaintiff began treatment with Dr. Louis Pikula (Dr. Pikula) on 17 January 1996. Dr. Pikula recommended a back therapy program and plaintiff went to The Rehab Center in Charlotte on 18 March 1996.

Plaintiff was discharged from the program on 17 April 1996. Dr. Pikula released plaintiff to return to work pursuant to guidelines established at the rehabilitation program, which were not to lift over twenty pounds and to alternate sitting, standing, and walking. He was also to avoid sustained bending and twisting. Plaintiff made a sixth attempt to return to work on 25 April 1996. The next day plaintiff called his employer and said he would be unable to work due to severe back pain. Knowing the return to work was unsuccessful, defendants nonetheless filed a Form 28T to terminate benefits with the Industrial Commission on 30 April 1996.

Plaintiff made a subsequent seventh attempt to return to work on 2 May 1996 but was unable to continue working on 13 May 1996, again due to severe lower back pain and leg pain. Dr. Pikula informed plaintiff there was nothing more he could do for plaintiff; therefore, plaintiff began to see his family physician, Dr. Christopher Campbell (Dr. Campbell).

Plaintiff attempted an eighth trial return to work on 17 December 1996; however, plaintiff was unable to continue working on 19 December 1996. Defendants submitted a Form 33, dated 11 November 1997, requesting a hearing with the Industrial Commission which sought a determination of plaintiff's disability. Plaintiff filed a Form 33R Response on 7 July 1998 contending plaintiff was entitled to continuing total disability payments. This case was heard before a deputy commissioner on 30 September 1998, and the deputy commissioner entered an opinion and award in plaintiff's favor on 1 March 1999. Defendants appealed to the Full Industrial Commission. In an opinion and award filed 16 August 2000, the Industrial Commission affirmed the deputy commissioner's opinion and award. Defendants appeal to this Court.

I.

[1] Defendants first argue the Industrial Commission erred in awarding temporary total disability benefits to plaintiff after specifically finding that plaintiff had reached maximum medical improvement. However, defendants do not cite any case law or authority which supports this proposition. We rely on our Court's decision in *Russos v. Wheaton Indus.*, 145 N.C. App. 164, 551 S.E.2d 456 (2001), *disc. review denied*, 355 N.C. 214, 560 S.E.2d 135 (2002), which held it is not error as a matter of law to award temporary total disability payments after an employee has reached maximum medical improvement. Once " 'a Form 21 agreement is entered into by the parties and

approved by the Commission, a presumption of disability attaches in favor of the employee.' " *Russos*, 145 N.C. App. at 167, 551 S.E.2d at 458. (quoting *Saums v. Raleigh Community Hosp.*, 346 N.C. 760, 763, 487 S.E.2d 746, 749 (1997)); *see also Knight v. Wal-Mart Stores, Inc.*, 149 N.C. App. 1, 562 S.E.2d 434 (2002). A finding of maximum medical improvement is insufficient to overcome this presumption.

> A finding of maximum medical improvement is not the equivalent of a finding that the employee is able to earn the same wage earned prior to injury and does not satisfy the defendant's burden. . . .

> After a finding of maximum medical improvement, the burden remains with the employer to produce sufficient evidence to rebut the *continuing presumption of disability; the burden does not shift to the employee.*

*Brown v. S & N Communications, Inc.* 124 N.C. App. 320, 330-31, 477 S.E.2d 197, 203 (1996). In the case before us, a Form 21 agreement was approved on 6 April 1995, and plaintiff was awarded total disability benefits under N.C. Gen. Stat. § 97-29. Even though there was a finding of maximum medical improvement, at this point plaintiff is still entitled to a continuing presumption of disability, which defendants have yet to overcome. We overrule this assignment of error.

## II.

[2] Defendants next argue the Industrial Commission erred in placing the burden of proof on defendants to show that plaintiff was capable of returning to employment. Defendants contend that they rebutted plaintiff's presumption of continuing disability both by presenting evidence of a finding of maximum medical improvement and also by offering suitable employment to plaintiff. As discussed above, defendants are unable to rebut this presumption of continuing disability with a finding of maximum medical improvement. In order to rebut the ongoing presumption of disability by offering suitable employment, an employer must present evidence that (1) "suitable jobs are available for the employee;" (2) "that the employee is capable of getting said job taking into account the employee's physical . . . limitations;" and (3) "that the job would enable the employee to earn some wages." *Brown*, 124 N.C. App. at 330, 477 S.E.2d at 202-03.

However, the Industrial Commission found the jobs presented to plaintiff were not suitable given plaintiff's restrictions.

**BURCHETTE v. EAST COAST MILLWORK DISTRIBS., INC.**

[149 N.C. App. 802 (2002)]

47. In the period since 16 May 1994 plaintiff has made at least eight different good faith, trial return to work efforts at very light duty jobs made available to him by defendant-employer. In each instance the job was not suitable to plaintiff's capacities and his effort was unsuccessful due to increased lower back pain and increased right leg pain and weakness from the prolonged sitting or standing required by the job. These light duty jobs were also modified to fit plaintiff's restrictions as to not be available in the competitive job market. Plaintiff is unable to sit, stand or walk for longer than about 3 hours at a time on a sustained work basis of 5 days a week. He requires frequent periods of complete recumbency to help keep his pain level from becoming severe.

48. The various employment opportunities offered to plaintiff by defendant-employer in the period after his 11 May 1994 back injury were not suitable to plaintiff's capacities and plaintiff's refusal to accept or continue performing any of these positions was justified.

Defendants essentially contest these findings of facts by their assignment of error. "The facts found by the Commission are conclusive upon appeal to this Court when they are supported by competent evidence, even when there is evidence to support contrary findings." *Pittman v. International Paper Co.*, 132 N.C. App. 151, 156, 510 S.E.2d 705, 709, *aff'd*, 351 N.C. 42, 519 S.E.2d 524 (1999). Furthermore, the " 'findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977)).

In the case before us, there is competent evidence to support the Industrial Commission's findings of fact. After a careful review of the record, we find there is evidence that plaintiff made at least eight different attempts to return to work. Each time plaintiff was unable to continue to work at the job because of a combination of the requirements of the job and his physical limitations of no heavy lifting and an inability to sit or stand for long periods of time. We overrule this assignment of error.

III.

[3] Defendants next argue the Industrial Commission erred in assessing a ten percent penalty on all compensation that was past due pur-

suant to N.C. Gen. Stat. § 97-18(g). Defendants contend they followed the appropriate rules set out by the Industrial Commission and filed all the required forms.

N.C. Gen. Stat. § 97-18.1 (1999) states

(a) Payments of compensation pursuant to an award of the Commission shall continue until the terms of the award have been fully satisfied.

(b) An employer may terminate payment of compensation for total disability being paid pursuant to G.S. 97-29 when the employee has returned to work for the same or a different employer, subject to the provisions of G.S. 97-32.1[.] . . . The employer shall promptly notify the Commission and the employee, on a form prescribed by the Commission, of the termination of compensation and the availability of trial return to work and additional compensation due the employee for any partial disability.

In the case before us, defendants filed an appropriate Form 28T in response to plaintiff's returning to work on 26 April 1996. However, defendants were aware this trial return to work was unsuccessful. Furthermore, when plaintiff made a subsequent trial return to work on 2 May 1996, defendants failed to file a subsequent and separate Form 28T in response to this subsequent return to work. Defendants contend the employee's failure to file a Form 28U following the defendants' filing of a Form 28T relieves the employer of any responsibility to resume payment of disability compensation. We disagree, as defendants' argument fails both based on the face of the General Statutes and the Workers' Compensation Rules of the North Carolina Industrial Commission (IC Rules).

N.C.G.S. § 97-18.1(b) creates an exception to the general rule found in N.C.G.S. § 97-18.1(c) requiring a hearing by the Industrial Commission in order to terminate benefits. N.C.G.S. § 97-18.1(b), in conjunction with N.C.G.S. § 97-32.1, encourages an employee to return to work by allowing the employee to attempt a trial return to work. Under N.C.G.S. § 97-18.1(b), an employer may terminate benefits when the employee has returned to work, if the employer immediately provides notice to the employee and the Industrial Commission of the termination of compensation and the availability of a trial return to work. The employer provides this notice by filing a Form 28T. *See* IC Rule 404A(1) (2000). However, if the trial return to

work is unsuccessful, "the employee's right to continuing compensation under G.S. 97-29 shall be unimpaired unless terminated or suspended thereafter pursuant to the provisions of this Article." N.C. Gen. Stat. § 97-32.1 (1999).

There is no language in the General Statutes or in the IC Rules which mandates that the employee file a form with the Industrial Commission, Form 28U or otherwise, in order to have the employee's benefits reinstated. IC Rule 404A(2) previously stated the employee "shall" file a Form 28U. However, Rule 404A(2) was amended in 2000 to state that if "during the trial return to work period, the employee must stop working due to the injury for which compensation had been paid, the employee should complete and file with the Industrial Commission, a Form 28U." IC Rule 404A(2) (2000). This amendment was retroactive to 1995. *See* IC Rule 404A(8) (2000). The revised IC Rule 404A(2) is now not in conflict with N.C.G.S. § 97-32.1, which has always maintained that an employee's benefits, following an unsuccessful trial return to work, cannot be "unimpaired unless terminated or suspended thereafter pursuant to the provisions of this Article." Instead, after a failed trial return to work, N.C.G.S. § 97-32.1 directs the employer that the compensation shall not be terminated without following the provisions of the General Statutes. This language directs the employer back to N.C.G.S. § 97-18.1(c), which sets forth the procedures for all termination requests other than the exceptions listed in N.C.G.S. § 97-18(b).

Therefore, in the case before us, once defendants had knowledge that plaintiff's trial return to work was unsuccessful, they were required to reinstate compensation pursuant to the Form 21 approved 6 April 1995. At the time the trial return to work was unsuccessful, the defendants did not qualify for the exception listed in N.C.G.S. § 97-18.1(b). Defendants' remedy at that point, if they felt plaintiff's refusal to work was unjustified, was to file a Form 24 pursuant to N.C.G.S. § 97-18.1(c). As a result of defendants' failure to follow these procedures, defendants are subject to the ten percent penalty pursuant to N.C.G.S. § 97-18(g).

Furthermore, when plaintiff returned to work on 2 May 1996, defendants were again required by IC Rule 404A(1), in compliance with N.C.G.S. § 97-18.1(b), to file a subsequent Form 28T following plaintiff's subsequent return to work. A primary purpose of a Form 28T, "Notice of Termination of Compensation," is to give notice to the Industrial Commission of the termination; but more importantly, it is

a notice to the employee of that employee's current status and rights available to that employee. In the case before us, following the 2 May 1996 trial return to work, defendants never filed a Form 28T; therefore, plaintiff did not receive the employer's notice of plaintiff's benefits status or any direction as to what plaintiff should do if the trial return to work proved unsuccessful. As a result of defendants' failure to follow both the General Statutes and the IC Rules, we hold defendants are subject to the ten percent penalty imposed by the Industrial Commission. We overrule this assignment of error.

IV.

[4] Defendants next argue the Industrial Commission erred in striking the testimony of Dr. Pikula and in designating Dr. Campbell as plaintiff's treating physician. Defendants contend there is no competent evidence to support the Industrial Commission's findings of fact relating to these issues.

The Industrial Commission found that Dr. Pikula and Nurse Wyatt, plaintiff's rehabilitation specialist who was hired by defendants, had *ex parte* communications concerning plaintiff's case. There is competent evidence in the record to support this finding of fact. Correspondence between Dr. Pikula and Nurse Wyatt summarizing plaintiff's visits with Dr. Pikula indicated there were telephone conversations between Dr. Pikula and Nurse Wyatt in which the two "discussed the case." Furthermore, Dr. Pikula received a note which contradicted what plaintiff had told him about the amount of time plaintiff took for a break. While a conversation outside the plaintiff's presence, standing alone, does not require disregarding that physician's opinion, the weight given to his testimony is for the Industrial Commission to decide. "As long as there [is] any competent evidence to support the possibility of undue influence upon [the treating physician], the Commission's findings on this basis are conclusive on appeal." *Jenkins v. Public Service Co. of N.C.*, 134 N.C. App. 405, 417, 518 S.E.2d 6, 13 (1999) (Wynn, J. dissenting). Upon review, our Supreme Court adopted Judge Wynn's dissent. *Jenkins v. Public Service Co. of N.C.*, 351 N.C. 341, 524 S.E.2d 805 (2000).

The approval or disapproval of a treating physician is "within the discretion of the [Industrial] Commission and the [Industrial] Commission's determination may only be reversed upon a finding of manifest abuse of discretion." *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 207, 472 S.E.2d 382. 387, *cert. denied*, 344 N.C. 629, 477 S.E.2d 39 (1996) (citation omitted). The evidence in

TRUJILLO v. N.C. GRANGE MUT. INS. CO.

[149 N.C. App. 811 (2002)]

the record supports the Industrial Commission's decision, and defendants have presented no argument amounting to abuse of discretion. We overrule this assignment of error.

V.

[5] Defendants next argue the Industrial Commission erred in not rendering an opinion within 180 days after the close of the record, pursuant to N.C. Gen. Stat. § 97-84 (1999). However, defendants have failed to show how this delay prejudiced them in any manner. We dismiss this assignment of error.

We affirm the opinion and award of the Industrial Commission.

Affirmed.

Judges HUNTER and BRYANT concur.